## WHITE v. POORMAN *et al.*[*]

1. New trial: WHERE IT HAS BEEN GRANTED. A stronger case should be made to justify the interposition of the Supreme Court where a new trial has been granted by the District Court than where it has been refused.

2. —— IN ACTIONS TO RECOVER REAL PROPERTY. Under our statute (§ 3584 of the Revision) greater latitude in applications for new trials is allowed in actions for the recovery of real property than in other actions. In such cases the court is not limited to the grounds specified in section 3112 *et sequor* of the Revision, but may exercise a discretion in granting the application.

3. —— BY A STRANGER: TIME. Nor is the right to apply for a new trial confined, as in other actions, to a party to the suit, but may be successfully exercised by a stranger who claims title under one who was. And the applicant is not limited to the time fixed in other actions, but has two years within which to make his application.

4. —— NEGLIGENCE. Where the District Court has granted a new trial in such an action, and it does not appear, that the negligence of the unsuccessful party or his attorneys produced the result, although they may not have been entirely without blame in that particular, the Supreme Court will not reverse such order as being an abuse of the discretion conferred upon the District Court by section 3584 of the Revision.

5. —— SUPREME COURT: JUDGMENT WITHOUT PREJUDICE. It is competent for the Supreme Court in disposing of a motion made by the appellee to affirm the judgment below, and one made by the appellant to dismiss the appeal, which is pending at the same time, to order the affirmance of the judgment without prejudice to the rights of the appellant, under the law, to a new trial in the court below.

*Appeal from Warren District Court.*

THURSDAY, JANUARY 30.

SUIT in equity to obtain a retrial of an action for the recovery of real property. The facts are unusually numerous and are exceedingly complicated.

The plaintiff, S. V. White, brought this action against Daniel A. Poorman, Davis Meek, Joseph Meek and William Meek to obtain a retrial of an action for the recovery of real property brought by Daniel A. Poorman against Davis, Joseph and William Meek, and in which action Poorman had recovered judgment for possession. White was the grantor of the defendants, Meeks.

Prior to November, 1857, the real estate in controversy belonged to Davis Meek, C. M. Meek and E. G. Seachrest, each owning one undivided third part thereof. C. M. Meek and E. G. Seachrest were then, and had been for some time previous thereto, partners in a general mercantile business. November 11, 1857, in the absence of Seachrest, C. M. Meek, for himself and E. G. Seachrest, conveyed the undivided two-thirds of all said real estate, consisting of six different descriptions, to Lewis Todhunter, in trust, for the payment of certain debts due by the firm of Seachrest & Meek to Stadler Brothers & Co., and Lauer Brothers.

April 20, 1859, Davis Meek, C. M. Meek & E. G. Seachrest, executed to Haynes, Hutt & Co., a mortgage upon all the said real estate, to secure the payment of two promissory notes, due in six and twelve months, made by Seachrest & Meek to Haynes, Hutt & Co. One of these notes, it being the one first due, before its maturity, was sold and assigned by Haynes, Hutt & Co. to Brown & Co. of St. Louis. Suit was brought on that note by Brown & Co., against Seachrest and Meek, and judgment recovered thereon; but the same was never satisfied.

Afterward, Haynes, Hutt & Co. brought suit against Davis Meek, C. M. Meek, E. G. Seachrest & Lewis Todhunter, trustee, for the foreclosure of the mortgage, which they claimed was paramount to the trust-deed to Todhunter.

This suit was brought to foreclose the mortgage as to

both notes, and no mention was made of the assignment of the one note to Brown & Co., or of the judgment thereon.

On August 16, 1860, judgment was rendered in favor of Haynes, Hutt & Co., for the amount of both notes, against Seachrest & Meek, and ordering a foreclosure sale of the mortgaged property for the satisfaction thereof. The court also ordered the trust-deed canceled, and held the mortgage paramount to it. From this judgment the defendants appealed to the Supreme Court.

December 14, 1860, and while the appeal was pending and undetermined, execution having been issued upon the judgment, all the real estate in controversy was sold thereunder by the sheriff at foreclosure sale to Haynes, Hutt & Co., and a deed was executed to them therefor.

June 23, 1862, the judgment of the District Court was reversed in the Supreme Court, and is reported in 13 Iowa, 455, under the title of *Haynes, Hutt & Co.* v. *Seachrest et al.*

The Supreme Court *held*, that the plaintiffs therein were only entitled to a foreclosure for the one note held by them, and that the title to one-third (it being C. M. Meek's interest), held under the trust-deed, was paramount to the mortgage. At plaintiffs' request, a final judgment was rendered in the Supreme Court, by which the title to one-third under the trust-deed was held paramount to the mortgage; a judgment was rendered in favor of plaintiffs for the amount due upon the one note held by plantiffs, and a foreclosure sale ordered to satisfy the same; and further, that plaintiffs were, as agreed in open court, still liable to Brown & Co. as indorsers of the note first due and secured by the mortgage, and that the proceeds of the foreclosure sale should be applied to the use of Brown & Co., until their judgment against Seachrest & Meek was satisfied, and said judgment should then be held for

the benefit of plaintiffs — plaintiffs to pay costs in Supreme Court, and one-half District Court costs.

April 11, 1863, execution having been issued upon the judgment of the Supreme Court and levied upon the land in controversy, to wit, two undivided third parts thereof, the same was sold by the sheriff in parcels, and Brown & Co. became the purchasers of all at an aggregate price of one thousand dollars, and a sheriff's deed was made to them therefor.

August 13, 1864, Brown & Co. sold and conveyed the undivided two-thirds of all said land to the plaintiff in this action, S. V. White.     Afterward, S. V. White, having acquired the title to the other one-third held under the trust-deed, sold the whole of said land to the defendants herein, Joseph Meek & William Meek, and conveyed the same to them by deed, dated August 6, 1864, but which was not delivered until October 3, 1864.

The defendant Poorman claims title to the same real estate, by reason of the following facts, to wit : Pitman & Bro. recovered a judgment February 28, 1859, against Haynes, Hutt & Co., for $1,443.15.   Execution on this judgment was issued and levied December 9, 1862; and on the 17th day of January, 1863, three of the six parcels of land were sold by Sheriff Bryant, to Poorman, for an aggregate sum of $475.

June 4, 1864, Cozad, sheriff, by deed reciting the date of execution, sale and amount as above, but stating the sale as being made by himself, conveyed to Poorman all six of the tracts of land in controversy — the three not sold as well as the three sold to him.

July 18, 1864, Dan A. Poorman brought his action against Davis Meek, Joseph Meek and William Meek, to recover possession of all the land in controversy.   The defendants in that action employed as their attorneys the law firm of White & Chester, of which the plaintiff, S.

V. White, was a member. An answer was filed, signed "White & Chester, attorneys for defendants." White was, however, at the time, residing in Brooklyn, N. Y., and doing business in the city of New York. Chester was residing at Des Moines and attending to the law business of the firm.

At the February Term, 1865, by agreement of the attorneys, the cause was marked as submitted, and was to be tried before Hon. John H. Gray, then judge of that district. It was tried accordingly in June, 1865, Chester alone appearing for the defendants. There were no facts found, nor bill of exceptions prepared or signed. The judge found for the plaintiff as to all of the land in controversy, and ordered a writ of possession to issue for the whole six tracts. Judgment was accordingly entered by the clerk, in vacation, but as of the February Term, 1865. The late Hon. John H. Gray was in feeble health at the time of the trial, and died in the following October (1865).

The plaintiff, White, claims, that, by the terms of agreement for trial in vacation, a bill of exceptions was to be signed by the judge, showing all the evidence and proceedings before him, and that it was not done by reason of Judge Gray's ill health and decease; and that, after his death, Poorman and his attorney refused to do any thing or make any agreement in relation to it. An appeal was taken to the Supreme Court from the judgment in favor of Poorman. The cause was disposed of after two motions, one by the plaintiff to affirm, and one by defendant for leave to dismiss, etc., both of which were supported by affidavits and counter affidavits. Upon the hearing at the June Term, 1866, the Supreme Court ordered the judgment affirmed without prejudice or effect in any way to the rights of the defendants under the law to a new trial in the court below.

The plaintiff in this action asks that the defendant Poorman be required to litigate the question of title with *him*, and that the defendant be enjoined from further proceedings in the law action against the Meeks, and that plaintiff's title be quieted, and for general relief. The defendant Poorman admits the matters shown by the deeds and records of other suits as stated, and avers that White had full notice of his suit against the Meeks, and also that the judgment of the Supreme Court rendered on the appeal in the case of Haynes, Hutt & Co. against Seachrest *et al.*, so far as the order applying the proceeds to the benefit of Brown & Co. is concerned, was obtained by the fraud and false representations of the plaintiff, White. The defendants Joseph and William Meek answer admitting the allegations of White's petition, and make their answer a cross petition against Poorman, and ask a new trial of the cause for themselves.

The cause was heard before a referee, who reported in favor of allowing Davis, Joseph and William Meek a new trial of the cause of Poorman against them; and, since thereby White could fully protect his interests, denied any relief to him, and adjudged him to pay the costs of this action, the costs of *Poorman* v. *Meek* to abide the final result. This report was made the judgment of the court, and Poorman appeals therefrom.

*P. Gad Bryan* for the appellant.

*Polk & Hubbell* for the appellees.

Cole, J.—The plaintiff, White, does not appeal from the judgment of the District Court denying the relief asked by him. The only order appealed from is that granting a new trial in the action by Poorman against Davis, Joseph and William Meek,

1. NEW TRIAL: where it has been granted.

for the recovery of real property. We have already several times held, that a stronger case should be made to justify the interposition of the Supreme Court where a new trial has been granted by the District Court than where it has been refused. *Ruble* v. *McDonald*, 7 Iowa, 90; *Newell* v. *Sanford*, 10 id. 396; *Alger* v. *Merritt*, 16 id. 121.

One very patent reason for this distinction is, that by the granting of a new trial another opportunity is afforded for a full and fair investigation of the rights of the parties.

But even greater latitude in application for new trials is allowed in actions for the recovery of real property than in other actions. Our statute enacts (Rev. § 3584 [2014]): "The court in its discretion may grant a new trial, on the application of a party or those claiming under him, made at any time within two years after the determination of the former trial." The language of this statute is broad and peculiar. It says, "the court in its *discretion* may grant a new trial." In such cases it is not limited to the causes or grounds for a new trial specified under the head of "new trials." §§ 3112–3120. While the discretion must be held to be a *legal* discretion, yet it is not, as in other actions, limited to the specific causes enumerated.

The right to apply for a new trial is not limited to a party to the suit, as in other actions; but a stranger to the suit, if he claims under a person who was a party thereto, may make his successful application for a new trial thereof. Nor is the party applying for a new trial limited to the time within which he must make his application in other actions, but he is given two years within which to do it. Without further general remarks upon the statute, let us look at this particular case.

It will be seen by reference to the statement of this case, that Poorman recovered of the defendants Meek six different parcels of land, without ever having purchased or having any legal or equitable title or claim to more than *three* of said parcels. It will also be seen from the statement, that the execution under which Poorman claims to have purchased the three parcels as the property of Haynes, Hutt & Co., was not issued or levied until nearly six months after the judgment under which they claimed title was set aside and superseded by the judgment of the Supreme Court; so that, as between Haynes, Hutt & Co. and the defendants in their action, they had no legal or equitable title to the property which could be sold under execution. Pittman & Brother, by the lien of their judgment, only had a right to subject to its payment whatever interest their judgment debtors had in the property; their rights under their judgment could rise no higher, or be of any greater force or validity, than the rights of their judgment debtors, Haynes, Hutt & Co.; and, when the rights of, the judgment debtors were extinguished by the setting aside of the judgment of the District Court, under which the sale to them was made, and rendering instead thereof the judgment of the Supreme Court, the rights of the judgment creditor were extinguished also. It would follow then, that, at the time of the sale of Haynes, Hutt & Co.'s interest in the land under the Pittman & Brother judgment, they had no interest in it liable to sale under execution, and the purchaser Poorman acquired no title to the land by his purchase.

It appears, therefore, that Poorman recovered a judgment for the six parcels of land, without having any legal right, upon the showing made in this case, to any part of it. The fact that the judgment ought not to have been rendered in favor of Poorman, presents the strongest pos-

sible *equity* for the granting of a new trial to the unsuccessful party. A *discretion* which effectuates *justice* is certainly an equitable discretion, though it must be conceded that it is not necessarily and always a legal discretion.

The obstacle which presents itself to the exercise of this equitable discretion, is the alleged negligence of the attorneys for the defendants in the first trial of the action.

4. —
negligence.

A party is properly held responsible for the negligence of his agents and attorneys; and, in equity as well as in law, the negligence of a party, his agent or attorney, which alone produces an adverse result, will estop him from claiming relief as to such result. In this case it is insisted that proper diligence on the part of the defendants' attorneys would have secured such a bill of exceptions as to have enabled the defendants in the law action by Poorman against them, to have obtained complete relief by their appeal. But the trial was in vacation, and the judge trying the cause was in ill health, and no legal necessity required the bill of exceptions to be prepared and signed on any particular day. Naturally, after the labor of the trial a little time would be desired by the judge before settling the exceptions.

The residence of plaintiff's attorney being in another county, and the necessity for his presence in settling the exceptions, may well be a cause for further delay.

The continued ill health of the judge would naturally preclude that importunity which might otherwise have been manifested.

And while it is impossible to say that there was no negligence on the part of defendants' attorneys, yet we are not prepared to hold, that, in view of all the facts, the failure to secure the bill of exceptions was *alone* attributable to their negligences. But, on the contrary, it seems

quite probable, that, but for the illness of the judge, the absence of plaintiff's attorney, and other causes, over which defendants had no control, a different result would have been obtained by the first trial, or on the appeal.

What we hold, in brief, is this: that, since the District Court has *granted* a new trial in the action for the recovery of real property, and it does not appear that the negligence of the unsuccessful party or their attorney produced the result, although they may not have been entirely without blame in that particular, the Supreme Court will not reverse such order as being an abuse of the discretion conferred on the District Court by section 3584 (2013), *supra*, of the Revision.

When the case of Poorman against the Meeks, was pending in this court on appeal by the defendants, there was a motion made by the appellee to affirm the judgment, because of the failure of appellants to prosecute the same with diligence, etc., and, also, a motion was made by appellants, to dismiss their appeal. Both these motions were pending at the same time, and were supported and resisted by affidavits of the respective parties and attorneys. Upon consideration of these motions together, the Supreme Court ordered the judgment affirmed without prejudice or effect in any way to the rights of the defendants, under the law, to a new trial in the court below. It is now insisted, that, by reason of the affirmance of the judgment in the Supreme Court, the defendants therein, are precluded from their right to a new trial in the District Court, notwithstanding the order was that it should be without prejudice, etc.

Since the two motions were addressed to the discretion of the Supreme Court, it was entirely competent for the court to sustain either motion with such modifications, in view of the merits of the other, as were deemed proper.

Under these facts, the defendants were not precluded from their application to the District Court for a new trial therein; and, particularly is this so, where, as in this case, the ground for new trial now relied upon, was not embraced or involved in the record upon which the affirmance was ordered.

It remains only for us to remark, that there is no proof to sustain the allegation of fraud, made against the plaintiff in obtaining the order of the Supreme Court for the application of the proceeds of the mortgage foreclosure sale to the payment of the judgment in favor of ·Brown & Co.

Affirmed.