JULIUS A. SMITH, PLAINTIFF IN ERROR, V. HARVEY S. GROVES, DEFENDANT IN ERROR.

1.  **Ejectment:** NEW TRIAL ON ACCOUNT OF NEWLY DISCOVERED EVIDENCE. In an action in ejectment, the plaintiff relied upon a title derived through a conveyance from one M. to him prior to the commencement of the action, it appearing by the records of the county that M. was the holder of the legal title. The defendant in the action claimed title to the property through a tax deed, followed by an action to quiet title, upon the part of his grantor, but which deed was alleged by the plaintiff to be void, and the decree quieting title to have been rendered without jurisdiction. Judgment was rendered in favor of the plaintiff. In a proceeding for a new trial, under section 318 of the civil code, the defendant filed his petition, alleging, among other things, newly discovered evidence, to the effect that at the time of the execution of the deed from M. to plaintiff, M. had no title to the real estate, he having, prior to that time, conveyed it to one G., and that the plaintiff had knowledge that M. claimed no interest in the land. It was *Held*, That since the plaintiff was required to recover upon the strength of his own title, and not upon the weakness of that of the defendant in the action, the alleged newly discovered evidence was material, if true.

35

2. **New Trial**: DISCRETION OF TRIAL COURT. Diligence, or the want of it, in discovering testimony in a particular case, depends in so great a degree upon the various circumstances concerning the parties, and the conduct of the cause, which are peculiarly within the knowledge of the trial court, that its determination on the matter of granting a new trial, made in view of them, will rarely be disturbed. *Jones v. Singleton*, 45 Cal., 92.

3. ———: ———. Facts considered, which are *Held*, Sufficient grounds for the granting of a new trial, within the discretion of the court.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*J. A. Smith* and *A. H. Babcock*, for plaintiff in error, cited: *Hollingsworth v. Flint*, 101 U. S., 591. *Johnston v. Jones*, 1 Black (U. S.), 209. *McCool v. Smith*, 1 Black (U. S.), 459. *Hardy v. Johnson*, 1 Wall. (U. S.), 371. *Dawson v. Porter*, 2 Ohio, 305. *Axtell v. Worden*, 7 Neb., 186. *B. & M. R. R. Co. v. Dobson*, 17 Neb., 450. *Sully v. Kuehl*, 30 Iowa, 278. *Slack v. Wood*, 9 Grattan, 40. *Taliaferro's Adm'r v. Bank*, 23 Ala., 755. *Crozier v. Cooper*, 14 Ill., 141. *Butler v. Vassault*, 40 Cal., 74. *Duncan v. Lyon*, 3 Johns. Ch., 356. *Richards v. Nuckolls*, 19 Iowa, 555. *Carson v. Henderson*, 8 Pac. Rep., 727.

*George W. Clark* and *Allen Beeson*, for defendant in error, cited: *Nolan v. Grant*, 53 Iowa, 392. *Hoskins v. Hattenback*, 14 Iowa, 320. *Ins. Co. v. Granger et al.*, 62 Iowa, 272. *Spears v. Mt. Ayr*, 66 Iowa, 721. *Jones v. Singleton*, 45 Cal., 92. *Gas Light Co. v. Green et al.*, 21 Ia., 335. *Deere & Co. v. McConnells*, 15 Iowa, 273.

REESE, CH. J.

This is a proceeding in error to the district court of Gage county. The petition was filed in that court, under

the provisions of section 318 of the civil code, for a new
trial upon the ground of newly discovered evidence, which
defendant in error could not with reasonable diligence
have discovered and produced at the trial. The former
action was in ejectment, instituted by plaintiff in error for
the possession of the east half of the south-east quarter of
section number two, of township number five north, of
range number seven east, and in which action he was suc-
cessful. It appears from the record that the title of de-
fendant in error was based upon a treasurer's tax deed
issued to one Charles L. Flint, and that Flint had insti-
tuted an action in the district court of Gage county against
James F. Miller, who, by the deed records of Gage
county, appeared to be the owner of the original title, for
the purpose of quieting his, Flint's, title, and that such
proceedings were had that, on the first day of November,
1878, a decree of said court was rendered in accordance
with the prayer of the petition. After that decree had
been rendered, and on the 21st day of July, 1887, Miller
executed a deed of conveyance to plaintiff in error, which
was duly recorded and upon which plaintiff based his
title in the ejectment proceeding. After the judgment in
that case, the petition in this case was filed, in which it
was alleged, among other things, that defendant in error
had discovered that, at the time of the execution of the
deed from Miller to plaintiff in error, Miller had no title
to the real estate in question, he having conveyed the same
to one Frances D. Gilchrist, on the 3d day of January,
1876 ; that at the time of the trial, defendant in error be-
ing unacquainted with Miller, who was a resident of the
state of Illinois, did not know that he had parted with the
title prior to his deed to plaintiff in error ; that the deed
to Gilchrist was not recorded in the records of Gage
county ; that he did not know Miller's post-office address,
and had no knowledge, suspicion, or belief that Miller
was not in fact the holder of the legal title to said land,

and that after the trial such facts came to his knowledge as to induce him to ascertain by correspondence the post-office address and residence of Miller, and that he had then learned for the first time that Miller was not, and did not claim to be, the owner of the real estate at the time of the conveyance to plaintiff in error, and that plaintiff in error had, by fraudulent representations, induced said Miller to make the deed to him for the consideration of $20, and which deed was executed for the benefit of the occupant of the land, and for no other purpose.

Upon the trial to the district court, the former judgment was set aside and a new trial granted. From this decision plaintiff brings the case to this court by proceedings in error, for review.

Since in ejectment cases it is the well-settled law that the plaintiff must recover upon the strength of his own title and not upon the weakness of that of his adversary, it is quite apparent that the testimony claimed to have been discovered would have been material upon the trial, and if true it might exert an important influence upon the case. It appears from the evidence of Miller that, at the time he executed the deed to plaintiff in error, he did so upon the belief that it was for the benefit of the equitable owner and occupant of the land, who he supposed to be holding under the deed which he had formerly executed to Gilchrist, and that plaintiff in error had sufficient knowledge to put him upon inquiry which would have led to the information that Miller claimed no interest in the real estate. It is shown by the petition and evidence that defendant in error, upon ascertaining the residence of Mrs. Gilchrist, had procured a deed from her to himself, and had placed upon record the deed executed to her by Miller, as well as the deed executed by her to himself. But we think this part of the case is unimportant, so far as this examination is concerned, as he acquired that title after the original trial. The principal questions submitted to

the district court were, was the discovery, after the. trial, that Miller had no title, and to which plaintiff in error is alleged to have had knowledge, material to the trial of the ejectment suit, and if so, whether this ground could not, " with reasonable diligence have been discovered before the term at which the trial was had?" As we have seen, the evidence, if true, was material. The remaining question is, are sufficient facts shown to warrant the district court in finding that the evidence could not with reasonable diligence have been discovered before the trial? It is, we think, a well-settled rule that, in cases of this kind, the determination of the district court will rarely be interfered with, but cases may arise in which interference is necessary in order to prevent a failure of justice.

In *Jones v. Singleton,* 45 Cal., 94, the supreme court of California, in a somewhat similar case, says : " Diligence, or the want of it, in a particular case, depends in so great a degree upon the various circumstances surrounding the parties and the conduct of the cause, which are peculiarly within the knowledge of the trial court, that its determination, made in view of them, would rarely be interfered with by us."

By the granting of a new trial another opportunity is offered for a full and fair investigation of the rights of the parties, but where a new trial has been refused, it completely closes the door to further investigation and puts an end to the litigation. An appellate court will, therefore, scrutinize much more closely an order of the trial court refusing a new trial than it will where such new trial is granted.

In *White v. Poorman,* 24 Ia., 108, it is said that where a new trial is granted for the recovery of real property, and it does not appear that the negligence of the unsuccessful parties or their attorneys produced the result, although they may not have been without blame in that particular, the supreme court will not reverse such order

as being an abuse of discretion conferred upon the district court by the code.

There was sufficient evidence adduced upon the trial to justify the district court in finding, for the purpose of this action, that, so far as the records of Gage county afforded any light, Mr. Miller was the owner of the legal title to the property, and that he had never conveyed it; that he was a stranger to defendant in error; that his residence was unknown; and that there was nothing which would lead defendant to believe otherwise than that Miller had conveyed the land which he held. This would be a natural belief, since by section 127 of our criminal code it is made a felony for a person to intentionally sell or convey real estate without having a title to the same, where such conveyance is made with intent to defraud. There could be no presumption that Miller, if within this state at the time of the sale of the property to plaintiff in error, had violated the law; the court could therefore find that there was no such want of diligence on the part of defendant in error as would deprive him of a new trial. The finding of the district court or the affirmation of such finding by this court can in no way affect the rights of the parties upon the future trial, but extends only to the exercise of that discretion which is vested in the district court, of granting new trials in furtherance of justice upon such evidence as may be produced thereon.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.