RUSSELL v. NELSON *et al.*

| 32 | 215 |
| 104 | 322 |
| 32 | 215 |
| 125 | 558 |

1. New trial: NEGLIGENCE: MISTAKE OF LAW. A new trial will not be granted to relieve a party from the results of his negligence, or from a mistake on his part as to the law.

2. ——— STATUTE CONSTRUED. Section 3584 of the Revision, giving the defendant two years in which to file his motion for a new trial, applies to actions for the recovery of real property, and not to an equitable action to quiet title.

*Appeal from Lucas District Court.*

FRIDAY, JULY 28.

ACTION in equity to quiet title to about thirty acres of land in Lucas county. The plaintiff avers that he purchased the land of William Nelson, who was in possession, claiming title to and was the owner of it; that the other defendants are the brothers and sisters of the said William; that the land was entered by Robert Nelson, a brother of William's, who is deceased and intestate; that said Robert owned a large tract, of which this was a part, and of which William would be entitled to as much as the thirty acres in controversy, by descent; and further,

that two of the brothers of said William had actually conveyed their interests in said large tract, and the other brothers and sisters had agreed to convey to said William, but that they and said William had fraudulently confederated together to cheat the plaintiff out of his title, and to that end had destroyed conveyances made to William, and had concealed others, etc. He asked that his title be quieted, etc. Service was made personally, or by publication on all the defendants. The defendant, David Nelson, who prosecutes this appeal, was personally served in Washington county, Pennsylvania, on the 10th day of August, 1868, for the then next November term of court, at which term, and on the 12th day of November, a default was entered against all the defendants; subsequently, at the same term, upon trial had, a judgment was entered, quieting the title in plaintiff.

On the 20th day of October, 1869, the defendant, David Nelson, in vacation, filed a motion to set aside the default, and for a new trial, because: 1st. The decision was not sustained by sufficient evidence. 2d. The decision was contrary to law. 3d. He admits he was served with notice and made no appearance, for the reason that he lived in Washington county, Pennsylvania, and was well advanced in years, and poor, and knew that plaintiff had no title, and supposed he would take depositions before he could ask for a decree, and was surprised when he heard that a decree had been entered; that shortly after he heard of it he took sick, and was not able to come to Iowa to employ an attorney till in May, 1869. 4th. That justice demands a new trial, for he avers that in 1853 he furnished his brother Robert the money to enter some land with; that said Robert entered with said money the tract, including that in controversy, and obtained a patent in his own name; that Robert always intended to convey the land to him, but in February, 1863, died suddenly, without doing so; that Robert owed him about $5,000,

and he had always permitted his brother William, who had no title to it, to occupy the land, with the understanding that if he paid what it cost to enter the land, and Robert's debt to him, the land should be William's; that William never paid any part of either; that he is the sole owner of the land in dispute, and he asks that a rehearing may be granted him.

This motion was overruled; the defendant, David Nelson, appeals.

*Warren S. Dungan* for the appellant.

*Stuart Bros.* for the appellee.

COLE, J. — I. As the evidence upon which the district court made the decree in the case is not contained in the transcript, we cannot sustain either the first or second ground of the motion — that the decree was not sustained by sufficient evidence, and was contrary to law.

1. NEW TRIAL: negligence: mistake of law.

II. The party making the motion for a new trial admits that he was served with notice more than three months before the default and judgment were entered, and makes no excuse for his failure to appear and defend, except that he knew the plaintiff had no title and did not think he could get a decree without taking depositions. A clear mistake of law, from which the least degree of diligence would have relieved him. The negligence and total absence of any reasonable or even plausible excuse for it is too palpable to justify us in granting a new trial against the judgment of the district court which tried the cause, and perhaps heard the evidence refuting the improbable grounds under which the defendant now claims to be the sole owner.

III. The counsel for appellant makes several points in his argument, not made in the motion itself, and are not,

**2. —— statute construed.** therefore, fully disposed of in the foregoing paragraphs, which decide the questions directly made in the motion, as shown by the record.

It is first urged that in an action to quiet title the defendant has two years in which to file his motion for a new trial. Rev., § 3584. This section applies to actions for the recovery of real property, and not to equitable actions like this, to quiet title. Besides, a new trial by that section is not granted, of course, but in the discretion of the court, it may be, at any time within two years. The discretion in such cases, it is true, is to be liberally exercised. *White* v. *Poorman*, 24 Iowa, 108.

Again, it is urged that the plaintiff must recover upon the strength of his own title. Rev., § 3591. This is true, and in the absence of the evidence we must presume that he did. But this section, too, relates to actions for the recovery of real property. The same answer — absence of the evidence — will dispose of the third point in the appellant's argument, to wit: that where a decree is against law it will be set aside — *non-constat* it is against the law. So, also, of the point that Russell purchased with notice of Nelson's equities. And finally, it is urged, that the plaintiff's petition, even if taken as true, is not sufficient to sustain the decree. We need not set it ' out at length; we have examined it with care, and it seems to us that by the most strict construction of equity pleadings the petition is sufficient; and, surely, under the doctrine of *Harrison* v. *Kramer*, 3 Iowa, 543 (*i. e.*) 557, that allegations indefinite and uncertain may have the certainty requisite for a proper decree afforded by proofs, there can be no question in this case.

No question is made, either in the motion for the new trial nor in the argument by appellant's counsel here, as to whether the defendant, having been served personally out of the State, instead of by publication, is entitled to two years in which to appear and demand a retrial upon

giving bond, etc., as provided in Revision, section 3160. The question not being made, nor properly in the record, of course we do not pass upon it.

Affirmed