## Burnside & Co. v. Rawson & Co.

Statute of frauds: SALES OF PERSONAL PROPERTY. Under the provisions of our statute no evidence is competent to establish a parol contract for purchase of goods, where no part of the same were delivered nor any portion of the price paid, except that of the party against whom it is sought to be enforced.

2. —— This exception does not embrace an agent of the party, he not being held to come within either the letter or spirit of the statute.

*Appeal from Delaware Circuit Court.*

MONDAY, DECEMBER 15.

THE petition alleges that defendants, a firm doing business in the city of New York, sold, through their agents, to the plaintiffs, at Manchester, Iowa, a large amount of goods, and that defendants refused to deliver the same to plaintiffs, to their damage, in the sum of $100.

The defendants, for answer, deny the alleged sale. Trial by the court. Judgment for plaintiffs. Defendants appeal. The material facts are disclosed in the opinion.

*Griffin, Crosby & Carr* for the appellant.

*S. G. Van Anda* for the appellee.

Watson v. Bell.

DAY, J. — I. Upon the trial it appeared that an order for the goods was given to O. E. Babcock, the agent for defendants, at Manchester, Iowa. The contract for the purchase of the goods was not in writing; no part of them was delivered, and no part of the purchase price was paid.

C. Burnside, upon the part of plaintiffs, testified to the purchase of the goods, and the refusal of defendants to deliver them.

The defendants moved to exclude the testimony of Burnside as to the items of goods bought of defendants. The court overruled the motion. It should have been sustained. The contract is within the provisions of sections 4006 and 4007, subdivision 1, of the Revision, and not being in writing, no evidence of it is competent except that of the party against whom it is sought to be enforced. Rev., § 4010. See *Partridge* v. *Wilsey*, 8 Iowa, 459.

II. The deposition of O. E. Babcock was read upon the trial, showing that he had been the traveling agent of defendants, and that as such agent he solicited an order for goods from plaintiffs. Defendants moved to suppress this deposition, and also objected to the reading of it, on the ground that it was incompetent.

The deposition should not have been admitted. The testimony of the party to be charged is admitted for the reason that he will not, by his own testimony, establish an unjust claim against himself.

The reason does not apply to the agent of a party. His testimony does not come within either the letter or the spirit of section 4010.

                                        Reversed.