PENDERGAST v. THE B. & M. R. R. Co. ET AL.

1. **Swamp Lands:** CONVEYANCE BY COUNTY: OUTSTANDING CERTIFI-
CATE. In 1856 the county of Mills issued a certificate of purchase,
which entitled the holder, upon full payment, to a deed from the county
to a certain tract of land inuring to it under the swamp land grant. In
1870, while such certificate was still outstanding, the county conveyed
the lands to the defendant, and possession was taken, and has since been
held, thereunder. The plaintiff subsequently acquired the certificate
and obtained thereon a deed from the county to the lands: *Held*, that
such deed did not convey the legal title, which passed by the previous
conveyance to the defendant, but that the holder of the certificate held
a mere equity, which would not support an action at law against the
legal title.

*Appeal from Mills Circuit Court.*

THURSDAY, APRIL 8.

ACTION at law to recover the possession of certain lands in
Mills county. The cause was tried by the court without a
jury, and judgment rendered for the defendants. Plaintiff
appeals. The facts of the case are stated in the opinion.

*Watkins & Williams* and *Hall & Huston*, for appellant.

*Hale, Stone & Proudfit*, for appellee.

BECK, J.—I. The lands in controversy are a part of the
swamp land grant of September 28th, 1850, and by chapter
13, acts of Fourth General Assembly, were con-
ferred upon the county of Mills. The plaintiff
claims title under the county by virtue of a pur-
chase made May 27th, 1856, by one Viets, upon
which a certificate was issued by the county clerk showing the
contract of purchase and the payment of a part of the
purchase money, and specifying that upon payment of the
balance, after the lands should be patented to the State, a
deed would be issued. Viets conveyed the lands to plaintiff

1. SWAMP
lands : con-
veyance by
county : out-
standing cer-
tificate.

by quit claim deed, August 4, 1875, and Mills county conveyed them to Viets October 26th, 1876.

The defendant Davis claims title under the B. & M. R. R. Co., by contract of sale executed by that company October 15th, 1874. The railroad company acquired title to the lands by deed executed by Mills county, January 4th, 1870, in pursuance of the settlement of a suit between the county and company, each party claiming the lands; the first claiming under the swamp land grant, the second under the railroad grant. These grants are familiar to the profession of the State, and need not be explained. Under the contract of settlement *bona fide* purchasers from the county, it was stipulated, should be protected.

The C. B. & Q. R. Co. disclaimed all interest in the lands, and the B. & M. R. R. Co. also disclaimed any right to the lands, alleging that it had sold the property by written contract to defendant Davis.

The evidence establishes the conflicting titles of the parties as we have above stated them. It clearly appears that defendant, the B. & M. R. R. Co., holds the legal title to the lands, and Davis is in possession under a contract of purchase from that corporation. The deed from the county to the plaintiff, it will be observed, was made after the conveyance by the county to the railroad company. The contract of purchase between Viets and the county did not transfer the title of the lands. Viets acquired an equity therein, and nothing more. The equity of Viets and plaintiff was not aided by possession. An equity will not support an action at law to recover the possession of land against the holder of the legal title. This is an elementary principle of law, and we are informed of no rules which except this case from its operations. It applies alike to the transactions and property of corporations and of natural persons. The rules of property and the law governing the alienation of real estate control conveyances made by and to corporations, whether they be private or public and political.

Counsel for plaintiff insist, while not denying the rule we have stated, that plaintiff acquired the legal title to the lands under Revision, Sec. 935, the statute in force when Viets purchased the lands. It is as follows:

"Upon the completion of every sale by the purchaser, the commissioner shall enter the same in a sale book kept for that purpose, and shall deliver to the purchaser a certificate of purchase, stating therein the name and residence of the purchaser, describing the land sold and the price paid therefor, which certificate shall be evidence of the facts therein stated, and when presented to the county court it shall be the duty of said court to execute to him a deed in fee simple for the land therein described, signed in the official capacity of said court, and countersigned by the clerk of said court, with the official seal thereto affixed, which said deed shall vest in the purchaser an absolute title in fee simple of said lands therein described."

The position of counsel is this: The statute declares that the deed, when executed, "shall vest in the purchaser an absolute title in fee simple." They ask how can this statute have effect unless the title be conveyed by the deed? They insist that the deed conveys the title to the grantor, even if the county had before conveyed; that it has this effect, even though the county did not at the time have the title. Why not claim, if the county never had the title, its deed would convey the title to its grantor? Surely the construction contended for means just that. We have never heard of legislation that attempted to confer the power upon a natural person, or a corporation, to convey title not held by the grantor. Doubtless it would be competent for the legislature to provide that a contract or a certificate of purchase of land should operate as a conveyance, and that a deed made in pursuance thereof should relate thereto, the title being thus acquired at the date of the contract. But nothing of the kind is contemplated in the section quoted, or other provisions of the statute. It simply provides that the deed shall vest in the

purchaser the absolute title. This is a plain declaration that the title had not before vested in him. If the purchaser had, under the contract and certificate, acquired an absolute title, the provision could have no effect. If the title had not vested in the purchaser, but remained in the county, the land was subject to conveyance by the county. If conveyed by the county to another before the deed to the purchaser was executed, nothing passed by the deed. We discover no avenue of escape from these conclusions. As we have said, the law controlling the conveyance of real property is applicable alike to natural persons and all classes of corporations. The deed under which defendant claims the land having been first executed, he holds the paramount title. The evidence discloses that plaintiff has an equity in the lands; he cannot enforce it in a law action against the legal title.

III. The court excluded certain evidence introduced to support plaintiff's equity, which, it is claimed, tends to establish notice by defendants of plaintiff's rights, and an estoppel to deny them, etc. This evidence was properly excluded, for the reason that the equity sought to be established cannot prevail in a law action against the legal title.

IV. Other questions discussed by counsel need not be considered, as the conclusions we have announced dispose of the case.

AFFIRMED.