KITTERINGHAM v. THE BLAIR TOWN LOT & LAND CO.

1. **Recovery of real estate:** ACTION AT LAW WITHOUT LEGAL TITLE: DEMURRER: TRANSFER TO EQUITY DOCKET. An action by ordinary proceedings cannot be maintained to recover the possession of real estate, when the plaintiff does not claim to have the legal title. (*Page v. Cole*, 6 Iowa, 153; *Pendergast v. Burlington & M. R. R'y Co.*, 53 Id., 326.) In such case, where plaintiff asked no equitable relief, there was no ground to move to have the cause transferred to the equity docket, and a demurrer to the petition was properly sustained.

*Appeal from Harrison District Court.*

THURSDAY, JUNE 4. .

THE petition states that the plaintiff "is the owner and entitled to the immediate possession of the N. ½ of N.

E. $\frac{1}{4}$ and N. E. $\frac{1}{4}$ of N. W. $\frac{1}{4}$ section 15, township 78, range 44, and S. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of section 15, township 78, range 44, containing 160 acres, situated in Harrison county, Iowa. That the extent of his interest and estate therein is as follows: On the twenty-eighth day of April, 1867, he settled upon the N. E. $\frac{1}{4}$ of section 15, township 78, range 44, in Harrison county, Iowa. That he then and there commenced cultivating said land and improving the same, and continued to do so until about the year 1876, when defendant, a duly-organized corporation under the laws of Iowa, wrongfully took possession of said tract, and now illegally detains such possession from plaintiff, without any right or title thereto. That at the time of plaintiff's settlement, improvement and occupancy he was the head of a family, and duly qualified to pre-empt or homestead said land under the United States law. That on the eighth of July, 1872, he made application to enter said N. E. $\frac{1}{4}$ of section 15, township 78, range 44, at the United States land-office at Council Bluffs, Iowa, and on the fourteenth of September, 1872, received the duplicate receipt of the register of said land-office for the entry of said land, under the provisions of an act of congress to secure homesteads to actual settlers on the public domain, approved May 20, 1862. That on said fourteenth day of September, 1872, he presented the duplicate of the register of said land-office to the receiver of said land-office, and demanded a duplicate receipt for said land, and then and there tendered to said receiver the sum of $14 in full of all legal charges of said land. That said receiver wrongfully refused to give plaintiff a duplicate receipt for said land, alleging as a ground therefor that the Chicago, Rock Island & Pacific Railroad Company pretended to have some claim thereto. That the sum of $4.50 was accepted and retained by said receiver, and on the thirtieth of January, 1875, plaintiff, having again tendered the legal fees to said receiver, was wrongfully informed by him that the Cedar Rapids & Missouri River Railroad Company pretended to have some claim to said land. That at

the time of plaintiff's settlement upon said land the title thereto was exclusively in the United States government, subject to plaintiff's entry under the homestead law of the United States. That defendant at no time has had any right thereto. That, at the times when plaintiff applied to the United States land-office to enter said land, the same was subject to such entry, and the plaintiff is now, and ever has been since his settlement upon said land in 1867, the rightful possessor of and entitled to said land. That said land is reasonably worth the sum of $200,000, and the reasonable rental value thereof during the time defendant has illegally withheld it from plaintiff, to-wit, since 1876, $10,000. Wherefore plaintiff demands judgment for the immediate possession of said land, for $10,000 damage, rents and profits, with costs of suit." To this petition there was a demurrer on the ground, in substance, that "the petition fails to show that the plaintiff is entitled to the possession of the land, or any part thereof, and does not show by the facts stated that the plaintiff is entitled to the relief asked." The demurrer was sustained, and the plaintiff appeals.

*S. H. Cochran*, for appellant.

*N. D. Parkhurst*, for appellee.

SEEVERS, J.—I. This is an action to recover real estate, based alone upon a right of possession, and is an ordinary proceeding or action at law. As the plaintiff is not the owner of the legal title, such an action cannot be maintained. *Page v. Cole*, 6 Iowa, 153; *Pendergast v. Burlington & M. R. R'y Co.*, 53 Iowa, 326.

II. If the foregoing proposition be conceded to be true, counsel for the appellant insists that a demurrer is not the proper remedy, but that the defendant should have moved the court to transfer the cause to the equity docket, and that it should have been tried as such; and in support of this proposition *Conyngham v. Smith*, 16 Iowa, 471, and *Ashlock*

*v. Sherman,* 56 Iowa, 311, are cited. Conceding this proposition to be correct, the question is whether, under the facts stated, the plaintiff is entitled to equitable relief. No such relief is asked, and, conceding all the facts stated in the petition to be true, we are not prepared to say that the plaintiff has an equitable interest in the land; but, if he has, he does not ask that it be established.

AFFIRMED.