CALLANAN *et al.* v. LEWIS.

**Tax Sale and Deed**: ACTION TO REDEEM : NEW TRIAL WITHOUT NOTICE : CERTIORARI. Plaintiffs brought this action in equity to redeem land from a tax sale and deed, on the ground that no notice of the expiration of the time of redemption was given, as required by section 894 of the Code, and they also asked that the rents be set off against the taxes, and that they have a writ of possession. Their prayer was granted, and decree entered accordingly. Afterwards, a purchaser from the defendant in that action moved the court for a new trial, which motion was granted without notice to plaintiffs, on the ground that the action was one to recover real property, and that, therefore, no notice of the motion for new trial was necessary, under Code, sections 3268 and 3269. But *held*—

(1) That the action was brought under section 893 of the Code, to redeem from a tax sale after a deed had been executed, and that its character was not changed by the asking of other relief, which was merely incidental.

(2) That the court had no jurisdiction to grant a new trial without notice to plaintiffs.

(3) That *certiorari*, and not appeal, was their proper remedy, since they were not present to enter exceptions to the ruling, and appeal would have been unavailing.

*Certiorari to Monona District Court.*—HON. C. H. LEWIS, Judge.

FILED, FEBRUARY 7, 1890.

PROCEEDING by *certiorari* to determine the legality of defendant's action, as judge of the district court in and for the county of Monona, in granting a new

Callanan v. Lewis.

trial in a certain action. The plaintiffs filed their petition in the district court of Monona county against L. M. and W. C. Carmichael, defendants, wherein they alleged that they were owners of certain lands described; that defendants claimed some interest therein by virtue of a tax deed; that said deed was null and void, for numerous reasons stated in the petition, among which are that no notice was served as required by section 894; that defendants had the actual possession of the premises, and wrongfully withheld the same; that the rents and profits were reasonably worth one hundred dollars per year; and praying that their title be quieted against the defendants; that the tax deed be set aside, that they be allowed to redeem; and that the rents be offset against the taxes; and "that plaintiffs have a writ of possession for said land," and such other relief as the court may determine them entitled to. The defendants, Carmichaels, appeared by attorney, and the case was continued under a stipulation of the attorneys, including an agreement as to the times to plead. Thereafter, on the sixth day of February, 1888, the cause came on for trial, and the defendants, Carmichaels, having failed to answer or plead, default was entered against them and a decree rendered in favor of plaintiffs, granting them the right to redeem from the tax sale, and finding that the amount due was $30.55. It was further decreed that the plaintiffs' title be quieted and established against the defendants, that the tax deed be set aside; that the plaintiffs pay said sum of $30.55 to the clerk, for the benefit of the defendants; that the defendants be allowed to remove all fences or improvements from the premises which they placed thereon; that, upon the payment of said $30.55 and interest, the plaintiffs have a writ placing them in possession; and that the plaintiffs recover costs.

On the twenty-seventh day of November, 1888, Stephen Tillson, who was not a party to said cause, filed in the office of the clerk of said county a motion, supported by affidavits, for a new trial in said cause,

stating that on the twenty-fifth day of January, 1888, he had, for valuable consideration, purchased, under a fee-simple deed, the land in controversy, from L. M. and W. C. Carmichael; that, after rendition of said judgment and decree, W. C. Carmichael, without his knowledge or consent, drew the $30.55 from the clerk, which amount was then tendered back to the plaintiff, with ten per cent. interest. The motion states that at the September term, 1885, of said district court, in an action wherein L. W. Carmichael was plaintiff and the American Emigrant Company, under whom these plaintiffs claim title, was defendant, judgment was entered against the said company, quieting Carmichael's title to said lands under said tax deeds; that Callanan and Savery purchased with full knowledge of said decree, for an inadequate consideration of one dollar, and withheld their deed from record until April 13, 1888. The defendants, Carmichaels, had no knowledge of said decree against the American Emigrant Company, or, if they ever had, they had forgotten or misunderstood the same, and that the said Tillson had no knowledge thereof until after the decree in the cause at bar was rendered; that he and said Carmichaels believed that no possible defense to the plaintiffs' petition could be interposed, not knowing of said former decree; that the plaintiffs fraudulently concealed the fact of said decree from the knowledge of the court, for the purpose of securing the judgment and decree in the case at bar; that the same issues were adjudicated in the former case, which is a bar to this; wherefore said Tillson asks that said decree be set aside and a new trial granted, "as provided by section 3268, Code;" and that he be permitted to answer and plead to plaintiffs' petition, and contest their claim in this action.

No notice of this motion for new trial was served upon these plaintiffs, nor upon their attorney; and on the twenty-eighth day of November, 1888, the motion was heard without any appearance on behalf of the plaintiffs, and the court sustained said motion, and

ordered a new trial. Thereafter, on January 8, 1889, said Tillson filed his answer, and on January 28, 1889, an amendment thereto, joining issue with plaintiffs' petition against the Carmichaels.

*H. E. Long*, for plaintiffs.

*Oliver Bros. & Tillson*, for defendant.

GIVEN, J.—I. It is claimed on behalf of the plaintiffs that their action against Carmichaels was under section 893, Code; and that the defendant exceeded his jurisdiction, and proceeded illegally, in sustaining the motion of Tillson to set aside the decree, and for a new trial, because no notice thereof was given to the plaintiffs. It is claimed on behalf of the defendants that said action was under chapter 2, title 20, Code, and the motion under section 3268, contained in said chapter, and under which no notice is required. It is not questioned but that, if the action was under section 893, notice of the motion for a new trial was required, and, if under chapter 2, it was not. Section 893 provides: "Any person entitled to redeem land sold for taxes, after the delivery of the deed, shall redeem the same by an equitable action; * * * and no person shall be allowed to redeem land sold for taxes, in any other manner, after the service of the notice provided for by the next section, and the execution and delivery of the treasurer's deed." "Any person having a valid subsisting interest in real property, and a right to the immediate possession thereof, may recover the same by action against any person acting as owner, landlord or tenant of the property claimed." Code, sec. 3246. "An action to determine and quiet the title of real property may be brought by any one having or claiming an interest therein, whether in or out of possession of the same, against any person claiming title thereto, though not in possession." Code, sec. 3273. Defendant maintains that the deed and "service of notice," referred to in section 893, mean a valid deed, and completed and legal service of notice and deed. Thus construed, no

action could be brought under said section 893, except by or on behalf of minors and lunatics. A failure to serve the notice to redeem, or to file the proof of such service before the execution of the deed, does not render the deed void, and the land remains subject to redemption. The deed conveys the title to the purchaser, who holds it subject to be defeated by redemption of the lands. *Bowers v. Hallock,* 71 Iowa, 218. Until this deed was set aside and redemption made, the plaintiffs were not entitled to immediate possession, and hence could not proceed under section 3246; neither was this an action to determine and quiet title alone. The principal and controlling relief sought was to be permitted to redeem from the tax sale, and the other relief asked is dependent upon such right, and a mere incident in the case. The provision of section 893, that no person shall be allowed to redeem in any other manner than by equitable action, after the service of notice, and execution and delivery of the deed, does not mean a completed and legal service or a valid deed. The equitable action to redeem, on the grounds of insufficient notice or service, may be maintained under this section. The following cases have more or less bearing upon the subject : *Bowers v. Hallock, supra; Long v. Smith,* 67 Iowa, 22. *Buena Vista County v. Railway Co.,* 49 Iowa, 657, was an action under chapter 2, title 20. The court held that the fact that the petition, in addition to asking that plaintiff's title be quieted, prays other relief in regard to the land, will not take the case out of the provision of chapter 2, title 20, Code, in relation to granting new trials in actions to quiet title. This action being properly brought under section 893, the same rule applies; and the fact that other relief is asked in regard to the land will not take the case out of the provisions of that section. Our conclusion is that the plaintiffs were entitled to notice of this motion for a new trial, and that the court exceeded its jurisdiction, and proceeded illegally, in sustaining the motion without such notice.

II. Defendants' further contention is that the plaintiffs have a plain, speedy and adequate remedy by appeal. As we have seen, the court had no jurisdiction of the plaintiffs for the purpose of the motion for a new trial, because they had no notice thereof. The entertaining and sustaining of the motion was, therefore, absolutely void, and, as the order sustaining the motion was made in the absence of the plaintiffs in the action, no exception could be taken, and hence an appeal would have been ineffectual. The plaintiffs might have moved the court at the succeeding term to set this order aside, but they were not bound to do this, for the court did not have jurisdiction to make the order. See *Hawkeye Ins. Co. v. Duffie*, 67 Iowa, 175. The order and judgment of the district court, granting a new trial, is set aside and REVERSED.