ELIZABETH MARKS, Appellee, v. JAMES McGOOKIN and JERRY McGOOKIN, Appellants.

**Recovery of real property:** BURDEN OF PROOF. In an action of right,
1 the one claiming the right to possession under an oral con-

tract of sale on which no part of the price was paid, has the burden of showing possession under the contract.

Judgments: EVIDENCE OF ADVERSE PARTY. Where one party relies on 2 the evidence of the adverse party to establish his claim, such evidence must be sufficient in itself to authorize the finding desired.

Action of right: WHEN WILL LIE. An action of right will only lie 3 on behalf of one holding the legal title with the right to immediate possession.

*Appeal from Harrison District Court.*— HON. A. B. THORNELL, Judge.

.WEDNESDAY, JULY 12, 1905.

ACTION to recover possession of certain real estate. Defendants pleaded that they were in possession under a parol contract for the purchase thereof from plaintiff. Plaintiff denied the alleged contract. On these issues the case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendants appeal.— *Affirmed.*

*Cochran & Egan,* for appellants.

*J. S. Dewell,* for appellee.

DEEMER, J.— Plaintiff is entitled to the possession of the real estate in controversy, unless defendants have shown a right thereto under their alleged contract of purchase. Defendants say in argument that they averred in their answer that they would prove the alleged contract by the plaintiff in order to avoid the terms of the statute of frauds. This allegation does not appear in the answer we have before us, but the trial court submitted the case to the jury on that theory, and we shall assume that there was a statement in the pleadings to justify it. The sole issue submitted to the jury was, who was entitled to the possession of the property at the time the action was commenced? The jury were told that if defendants went into possession under an oral con-

tract of sale with the actual or implied consent of the owner, they would be entitled to the verdict. There was a conflict in the testimony on this proposition, and we shall not interfere with the verdict.

But it is said that, as defendants proved a contract by plaintiff's own evidence, they were entitled to the verdict, although they did not prove that they took possession thereunder. The difficulty with this proposition is that plaintiff's evidence alone does not show such a contract as entitled defendants to the possession of the property. Indeed, to our minds it does not show more than negotiations looking to a sale, which, according to plaintiff's testimony, were never perfected. In such cases the testimony of the adverse party must be sufficient in itself to justify a finding of right of possession. *Auter v. Miller,* 18 Iowa, 411; *Thorn v. Moore,* 21 Iowa, 285; *Mighell v. Dougherty,* 86 Iowa, 484. No part of the purchase price was paid, and, as the statute of frauds applies, defendants had the burden of showing that they went into the possession of the premises under their alleged contract of purchase. The jury was justified in finding that they did not take possession under their alleged contract; hence we shall not interfere. *Hutton v. Doxsee,* 116 Iowa, 13; *Lowery v. Lowery,* 117 Iowa, 704; *Allan v. Bemis,* 120 Iowa, 172.

The action of right, or, as it is denominated in the Code, to recover real property, is well understood. It will lie only on behalf of one holding the legal title with the right to immediate possession. *Kitteringham v. Blair Town Lot and Land Co.,* 66 Iowa, 280. This plaintiff in the present case had, and he cannot be defeated in his action simply by the showing of a contract of purchase executory in character, which did not give defendants the right of possession.

There is no error in the record, and the judgment must be and it is *affirmed.*