M. J. OLSEN, Appellee, v. PEREGOY & MOORE COMPANY,
Appellant.

FRAUDS, STATUTE OF:    Real Property—Leases Exceeding One
    Year—Admissions.  An oral lease for more than a year may be
    established by calling the defendant lessee as a witness, and
    establishing: (a) That defendant had been informed that his
    agent had entered into such a lease; and (b) that defendant,
    acting solely with reference to such information, issued checks
    in payment of the rent.  Especially is this true when such pay-
    ments were continued for more than a year, with frequent ef-
    fort by lessee to secure a reduction of the rent.  (Sec. 4628,
    Code, 1897.)

*Appeal from Polk District Court.*—C. A. DUDLEY, Judge.

NOVEMBER 26, 1917.

REHEARING DENIED FEBRUARY 9, 1918.

SUIT to enjoin defendants from repudiating an alleged
lease.  The essential defense is that the alleged lease was
made by one who was not authorized by defendants to make
it; that it is, at all events, one for more than one year, and
has not been signed by the party to be charged.  Injunc-
tion issued as prayed, and defendants appeal.—*Affirmed.*

*Chas. F. Maxwell,* for appellant.

*Read & Read,* for appellee.

SALINGER, J.—I. The plaintiff is not seeking damages
suffered because the wrong of the defendant gives plain-
tiff an unenforcible lease.  The vital position taken in his
petition is that, because of certain things which he claims
estop the defendant from urging the Statute of Frauds,
plaintiff has a valid and enforcible lease; and, among other
things, he asks that he be given a landlord's lien.  We have
held that part performance will not take an oral lease for
more than one year out of the Statute of Frauds.  If estop-
pels shall be given the effect which plaintiff seeks for them,

it will often be difficult to separate the estoppel from part performance. The increased use of the estoppel will be apt to put us into the position of seeming to hold in one case that the lease is not enforcible, or rather, not competently provable, and upon quite similar facts, that it is. But see *Hunt v. Coe,* 15 Iowa 201; *Thorp v. Bradley,* 75 Iowa 50. We are not passing on whether an estoppel may ever be available in cases like this, nor are we passing in any way upon *Halligan v. Frey,* 161 Iowa 185. We are pointing out the difficulties raised by the position of plaintiff as our reason for not entering into that field unless we find that no other course will rightly determine the suit.

The paper upon which plaintiff bases his contract rights is not signed by anyone. Purporting to be a lease for a term longer than one year, it is not provable unless the making of such a lease is admitted in pleading (and it is not), or unless the party who denies the contract is made a witness, and his testimony establish the making of the contract. Code Sections 4625, 4627, 4628. If this has been done, there is an end, and the action below must be sustained. Has there been such establishment? While, where the person sought to be charged is called, what he says is conclusive, that does not mean that the contract is established, only, where he admits in terms that it was made. While his testimony may not be added to or contradicted, its effect is to be tested by the ordinary standards; and, if a fair consideration of what is said by defendant, and what is justifiably to be deduced therefrom under the conditions disclosed by the record, tends to prove the asserted contract, that establishes such contract. See *Merchant v. O'Rourke,* 111 Iowa 351, 355; *Marks v. McGookin,* 127 Iowa 716, at 718; *Byerlee v. Mendel,* 39 Iowa 382, at 385; *Smith v. Phelps,* 32 Iowa 537, at 539; *Dewey v. Life,* 60 Iowa 361.

What is there in the record which may fairly be termed evidence drawn from the defendants? Whatsoever is

testimony of a general officer of the defendant, and any
exhibit put in by defendant, is, so far as relevant, of course,
available to prove the contract. The only thing that is
debatable on this head is whether checks issued by defend-
ant and put in by plaintiff is testimony of the defendant
rather than an admission of defendant made out of court,
which has become testimony, but not testimony given by
defendant. Now, a general officer of the defendant
testifies as its witness, in effect, that these checks were made
to pay rent to plaintiff. It was admitted on the trial that
this general officer issued these checks, and it appears from
testimony put in by defendant that this officer had author-
ity to issue such checks. We are of opinion that, when
plaintiff put these checks in evidence, they became the equal
of testimony of defendant, proving that defendant had is-
sued them. It is shown by the evidence given by defendant
that it was advised Maxwell had orally agreed with plain-
tiff that defendants should become the tenants of plaintiff
at a rental of $250 a month, for a term beginning about
June 15, 1914, and ending in 1919, when the lease held by
plaintiff would expire. It appears that whatever defendants
did was addressed to that oral arrangement to lease. We
have held the evidence for defendant shows it issued checks
to plaintiff for rent. As there was but one thing to pay
rent on, it is, therefore, established by the evidence of de-
fendant these were issued to pay the rent stipulated in the
oral arrangement upon which plaintiff declares. Defend-
ant sent this rental, as stipulated in said oral arrange-
ment, and for one year. This it explains by testimony
that it did so because, on consultation with a lawyer,
it was advised that the defendant "was there and would
have to stay for a year under the Iowa statute;" and
its manager testifies that "therefore we was stuck for a
year anyhow, it seemed," and "that was the reason" for
sending the checks. This, to be sure, is a denial that the

oral agreement bound defendant for more than one year, but is none the less an admission that Maxwell made the oral contract sued on, and for defendant. If defendant had been of opinion that Maxwell had no authority to contract on its behalf, it owed no rent for any period. Testimony by defendant that it paid rent, as stipulated by Maxwell and Olsen, knowing of the stipulation, is, since Maxwell stipulated only in the agreement sued on, an admission on the trial that Maxwell and plaintiff *made that oral agreement.* That admission takes the case out of the Statute of Frauds. That is not the less true because defendant urges that the contract made for it by Maxwell bound it for no longer than a year. Such claim is not a denial that it made the very agreement sued upon. It is an admission that the agreement was made, and was the contract of defendant, coupled with a claim that it was bound to perform it for but one year. It is nowhere claimed by defendant that, while Maxwell had the power to make a lease with plaintiff for one year at $250 a month, he had none to make such lease for longer than one year. Therefore, it admits Maxwell had authority to make, and, therefore, defendant made, the lease for longer than a year, but with the admission claims that the law terminates it at the end of one year. It needs the admission of defendant to establish that it made the oral lease sued on. Once having admitted that much, the law will settle, without admission by defendant, what the legal effect of the admitted lease is. An oral lease for more than one year is either wholly within the Statute of Frauds or not at all. Admit such a lease was made, and it admits all of it was made. An admission that an oral lease was made for a term of five years can never be whittled to an admission that it is a lease for one year that was made.

1-a.

If that were not so, it appears further, and by the evidence of defendant, that checks were sent to cover the rent

up to and including February, 1916, for some eight months after a year of the lease period had passed.

Defendant's exhibits include letters written by defendant to plaintiff, and one written by it to Maxwell—all written after more than a year had passed since the lease was made. The first admits defendant then has space in plaintiff's store on such terms as that a change is necessary to put the occupancy "on a percentage basis for rental." On October 12, 1915, it writes, in an attempt to reduce the stipulated rent, that what it has been paying up to that time is a rental of $250 a month. On November 1, 1915, in connection with a like attempt, it writes that it sends $250 "in payment for October rent." On November 23, 1915, it wrote Maxwell to urge plaintiff to make a change, and to advise because "we want to know before the first, as we pay rent at that time." Finally, defendant wrote plaintiff, February 1, 1916, enclosing $1,000, "in payment for rent of space occupied in your premises for the months of November, December, January and February.

Here, then, are admissions that establish the existence of the agreement which plaintiff claims, not only to June 1915, one year after the agreement was made, but up to March 1, 1916. We can see no escape from the conclusion that the testimony given by and elicited from defendant proves that, by one either originally authorized, or whose acts were duly ratified, defendant made the oral lease asserted by plaintiff. It follows that the trial court was right in enforcing that agreement, though it was not reduced to a signed writing, and is a lease for more than one year.— *Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.