QUAKER OATS COMPANY, Appellant, v. GEORGE KIDMAN et al., Appellees.

FRAUDS, STATUTE OF:   Oral Testimony of Vendor to Prove Con-
1   tract.   The oral testimony of vendor that he had neither sold certain personal property to plaintiff nor authorized another person to sell it for him is conclusive—may not be contradicted.

PLEADING: · Refusal of Unnecessary Amendment.   Complaint may
2   not be made of the refusal of an unnecessary amendment.

*Appeal from Buena Vista District Court.*—JAMES DeLAND, Judge.

OCTOBER 2, 1920.

ACTION for damages resulting from the alleged breach of an oral contract for the sale of corn.   By direction of the court, the jury returned a verdict in favor of defendant, and plaintiff appeals from a judgment thereon for costs.— *Affirmed.*

*Healy & Faville,* for appellant.

*E. M. Duroe* and *Bailie & Edson,* for appellees.

PER CURIAM.—I.   The defendant Hartung leased certain premises from his codefendant for the year 1916 by written lease, agreeing to pay as rental two fifths of the crop grown.   In the fall, he gathered about 1,500 bushels of corn from said premises, and placed the same in a crib thereon, without division.   Plaintiff alleged in its petition that, on or about January 18, 1917, defendant Hartung orally sold the corn, in pursuance of an agreement and arrangement between said defendants, au-

thorizing such sale. Only 810 bushels of the corn, for which Hartung was paid the agreed price of 88 cents per bushel, were delivered.

It is further alleged in plaintiff's petition that it expects to prove the terms of the alleged oral contract by the testimony of the defendants and each of them. Hartung made no appearance, but Kidman filed an answer, denying the allegations of plaintiff's petition, and admitted that Hartung sold certain corn to the plaintiff in January, 1917, for immediate delivery, but alleged that the contract pleaded was void, under the statute of frauds.

The defendant Kidman, called as witness on the part of the plaintiff, admitted that he was the owner of two fifths of the corn raised upon the leased premises and placed in the crib from which the 810 bushels were taken, and that it was agreed between himself and Hartung that they would sell the corn together; but denied that he either sold the corn to plaintiff or authorized his codefendant to do so. Whereupon, counsel for plaintiff called the defendant Hartung as a witness, and sought to prove by him that Kidman authorized him to sell his share of the corn to plaintiff, and that he acquiesced in such sale. This testimony was, however, excluded, upon objection of counsel for defendant. The written lease required the tenant to deliver the landlord's share of the grain to market.

Counsel for plaintiff also sought to show by one Lee that the defendant Kidman orally admitted that Hartung had sold the corn for him. This testimony was also excluded. Counsel for appellant contends that the offered testimony should have been received.

Section 4625 of the Code provides:

"Except when otherwise specially provided, no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged or by his authorized agent: (1) Those in relation to the sale of personal property, when no part of the property is delivered and no part of the price is paid; * * *"

Code Section 4626 provides certain exceptions to the

above statute, and Code Section 4627, that the same shall not prevent enforcement of contracts not denied in the pleadings, except in cases wherein it is sought to enforce a contract, or to recover damages for the breach thereof, against some person other than the maker. Section 4628 of the Code further provides that:

"The oral evidence of the maker against whom the unwritten contract is sought to be enforced shall be competent to establish the same."

Plaintiff relies upon the latter provisions of the statute. We have repeatedly held that, if the plaintiff relies upon the testimony of the defendant to establish the alleged oral contract, he must prove the same thereby, and cannot contradict or supplement the same by the testimony of other witnesses. In such case, the testimony of the adverse party must be sufficient in itself. *Auter v. Miller,* 18 Iowa 405; *Thorn & Stein v. Moore,* 21 Iowa 285; *Mighell v. Dougherty,* 86 Iowa 480; *Burnside & Co. v. Rawson & Co.,* 37 Iowa 639; *Johnson v. Holland,* 124 Iowa 157; *Marks v. McGookin,* 127 Iowa 716; *Olsen v. Peregoy & Moore Co.,* 182 Iowa 889.

It is true that counsel for plaintiff offered to prove by Hartung that Kidman authorized him to sell the corn; but this testimony, if received, would have flatly contradicted the testimony of the latter. This was not permissible.

II. It is, however, further argued by counsel for appellant that the objections offered to the excluded testimony were not sufficiently specific. It is true that some of the objections were general, but considered as a whole, they fully disclose the specific grounds upon which the same were based. Neither counsel for plaintiff, nor the court was misled by the failure of counsel to state specifically the grounds thereof.

III. Plaintiff offered in evidence a letter, identified as having been written by defendant's attorney, which, it is claimed, admitted the oral contract relied upon. The letter was excluded, upon the objection of counsel for defendant; whereupon plaintiff tendered, and requested permission to file, an amendment to its petition, alleging that

2. PLEADING: refusal of unnecessary amendment.

the defendant admitted the alleged contract in writing, basing the same upon the letter referred to. The court refused permission to file the amendment. The ruling of the court excluding the letter and refusing to permit the filing of the offered amendment is complained of by counsel for appellant. It appears from the record that plaintiff's attorney wrote a letter to defendant Kidman, in reference to the sale of the corn, and that he gave the letter to his attorney, requesting that it be given attention. The letter in question was written by defendant's attorney, in response thereto. The offered letter was not called to the attention of defendant, nor was he asked to testify that he authorized his attorney to make admissions for him, or that he knew the contents thereof. The letters are not set out in the record. Whether, if defendant's attention had been called to the letter, and he had admitted that the alleged admission was authorized by him, it would have been admissible as part of his testimony, relied upon to establish the oral contract, is not involved; but see *Olsen v. Peregoy & Moore Co.*, supra. If it were thus admissible, the offered amendment was unnecessary. It does not purport to set up a new cause of action. The record, therefore, does not present error in the ruling of the court excluding the letter, or denying permission to file the amendment.

IV.   As stated above, the corn, when gathered, was placed in a crib without division. Plaintiff was the owner of three fifths, and the defendant of two fifths thereof. It was agreed between them that they would sell the corn together. Plaintiff sought, by the testimony of Hartung, to prove an agreement to own and dispose of the corn in partnership, but this testimony was excluded by the court.

Kidman admitted that the parties were to sell the corn together, but denied specifically that Hartung had authority to sell his share. This testimony, under the holding of the cases cited supra, could not be contradicted by the testimony of other witnesses. It is not claimed that the evidence elicited is sufficient to entitle it to recover. We find

no reversible error in the record, and the judgment of the court below is—*Affirmed.*