LULU M. ELLIOTT, Appellant, v. ELMER LOUCKS et. al., Appellees; FLORA JANE HENRY et al., Appellants.

**FRAUDS, STATUTE OF:** Proving Contract by Adverse Party. A party who asserts that he will prove by the testimony of the adverse party a contract which is within the statute of frauds may not prove such contract by the testimony of the *agent* of the adverse party.

**SPECIFIC PERFORMANCE:** Nature and Grounds of Remedy—Inequitableness. Specific performance of a long-time lease by one of two owners in common will be denied when such a decree would be inequitable to the owner who did not sign the lease.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

APRIL 8, 1922.

REHEARING DENIED SEPTEMBER 23, 1922.

ACTION in equity in the name of one of three owners, who joined as lessor in a written lease of real estate for a term of 99 years, to quiet title as against the lessees, with cross-petition by the lessees against plaintiff and the other owners, asking

specific performance of the lease. There was a decree in the
court below, granting the prayer of the petition, and also spe-
cific performance in favor of cross-petitioners against the re-
maining parties to the lease. All parties have appealed.—*Af-
firmed on cross-petitioners' appeal; reversed on appeal of the
other parties.*

*Sargent, Gamble & Read,* for appellants.

*Donald Evans* and *Carr, Carr & Cox,* for appellees.

STEVENS, C. J.—I.   Plaintiff, Lulu M. Elliott, and Charles
S. Elliott own jointly the west 64 feet of Lot 6, Block 2, and
Lot 6 of O. P. Lots 4 and 5, Block 2, all in Holcomb's Addition
to Fort Des Moines, now the city of Des Moines. They acquired
title thereto by inheritance from their mother, who was the half
sister of Miss Flora J. Henry, who is the owner of the east 64
feet of Lot 6, Block 2, and of Lot 1 of O. P. Lots 4 and 5, Block
2, same addition. The dimensions and relative location of these
several tracts are shown by the following plat:

The Elliotts reside in Topeka, Kansas, and Miss Henry in
Des Moines. On August 8, 1919, a lease between Flora J. Henry
and Lulu M. and Charles S. Elliott, as lessors and parties of
the first part, leasing all of said premises for a term of 99 years
to Elmer Loucks, as party of the second part, was signed and
acknowledged before a notary public by all of the parties named,

except Lulu M. Elliott, who was not present. Lulu M. Elliott has, at all times since the lease was executed by the other parties, declined to sign or to join therein. The lessee did not at any time take possession of the leased premises. This action was begun by Lulu M. Elliott against Elmer Loucks, named as lessee in the lease, and A. H. Tuttle and H. R. Howell, who appear to have some interest therein, to quiet title in her as against any claim or right asserted in or against said property by the above named defendants. The defendants, for answer to plaintiff's petition, admitted the ownership of the property, as alleged in plaintiff's petition, set up the lease, and alleged that the failure or refusal of plaintiff to sign the same was due to a conspiracy between Miss Henry and Charles S. Elliott, and prayed that they be made parties, and that defendants have a decree of specific performance of the contract as against them and the plaintiff; and as alternative relief, in the event that plaintiff prevailed as to the issues tendered by her, that specific performance be decreed as against Flora J. Henry and Charles S. Elliott, and for all just and proper equitable relief.

'Cross-petitioners further alleged that the lease was entered into by Charles S. Elliott orally, as the agent and on behalf of plaintiff, and that they would prove same by her testimony. The cause was tried upon the merits, resulting in a decree granting the prayer of plaintiff's petition and quieting title in her, and also the prayer of the cross-petition in part, as against Miss Henry and Charles S. Elliott. The material portions of the decree are as follows:

"It is therefore ordered, adjudged, and decreed that the plaintiff is the absolute owner of the undivided one half of the west sixty-four (64) feet of Lot 6, Block 2, of Holcomb's Addition to Fort Des Moines, and to the undivided one half of Lot 6, Block 2, of the Official Plat of Lots 4 and 5 in Holcomb's Addition to Fort Des Moines, all now included within and forming a part of the city of Des Moines, Iowa; that her title, interest, and right of possession be and the same is hereby quieted in the plaintiff, as against the defendants Elmer Loucks, A. H. Tuttle, and H. R. Howell, and that said defendants be and they are each of them hereby forever barred and estopped from asserting any right, title, or interest therein or thereto on account

of the certain written instrument dated August 8, 1918, and executed by Flora Jane Henry and Charles S. Elliott, as lessors, and Elmer Loucks, as lessee, a duplicate original of said instrument being of record, as hereinbefore mentioned. That said instrument be and the same is hereby canceled and held for naught, in so far as the same purports to affect in any way the right, title, or interest or right of possession of the above described premises, and the interest therein and thereto of the plaintiff. * * *

"It is further ordered and decreed that the said instrument of lease above referred to is a valid and binding obligation as against Flora Jane Henry and Charles S. Elliott, and that the defendants Elmer Loucks, A. H. Tuttle, and H. R. Howell are entitled to enforce its provisions against the said cross-defendants; and that by virtue thereof the defendants Elmer Loucks, A. H. Tuttle, and H. R. Howell are entitled to occupy, according to the terms thereof, the east 64 feet of Lot 6; Block 2, in Holcomb's Addition to Fort Des Moines, and Lot 1 of the Official Plat of Lots 4 and 5, Block 2, of Holcomb's Addition to Fort Des Moines, now included in and forming a part of the city of Des Moines, Iowa, and the undivided one half of the west 64 feet of Lot 6, Block 2, of Holcomb's Addition, and also the undivided one-half interest of Lot 6, Block 2, of the Official Plat of Lots 4 and 5 in Holcomb's Addition to Fort Des Moines, now included in and forming a part of the city of Des Moines, Iowa; and that title to the leasehold interest of the said defendants, according to the terms thereof, be quieted in the said defendants Elmer Loucks, A. H. Tuttle, and H. R. Howell, as against the claims of Flora Jane Henry and Charles S. Elliott; and that Flora Jane Henry and Charles S. Elliott allow the defendants Elmer Loucks, A. H. Tuttle, and H. R. Howell to assume possession and control of the premises above described, as provided in said lease; and that they cease and desist from interfering with said right."

It will be observed from the foregoing excerpt from the decree that cross-petitioners are granted specific performance and the right to possession of all of the east 64 feet of Lot 6, Block 2, and the undivided one-half interest of Charles S. Elliott in the west 64 feet of Lot 6, Block 2, and Lot 6 of O. P. Lots 4

and 5, Block 2. The principal claims of the respective parties may be summarized about as follows:

The appellants Lulu M. Elliott, Flora Jane Henry, and Charles S. Elliott contend that the lease, which was not signed by all of the parties, as contemplated and understood thereby, was not delivered, and that it was never completed, and did not become effective or binding upon any of the parties thereto; whereas it is the claim of cross-petitioners that the evidence of plaintiff and of Charles S. Elliott fully sustains the alleged oral lease, and that they are entitled to a decree of specific performance, as against the plaintiff and Flora J. Henry and Charles S. Elliott, and that, if they are not sustained in this contention, they are in any event entitled to have the decree entered in the court below, of specific performance against those signing the lease, affirmed by this court.

As the lease was for a term exceeding one year, it falls within the provisions of the statute of frauds. Code Section 4625. It may, of course, be assumed that all of the parties knew

1. FRAUDS, STATUTE OF: proving contract by adverse party.

of the statute, and that a lease for a term of 99 years was required thereby to be in writing, and contemplated that the one prepared would be signed by all of the parties named therein and having an interest in the subject-matter thereof. So far as plaintiff was a party to the negotiations leading up to the execution of the lease in the form in which it was offered in evidence, she was represented by her brother Charles, who appears to have had authority, although not a power of attorney, to negotiate and fix terms for her.

We will first dispose of the case as made by cross-petitioners against the plaintiff. Section 4628 has often been construed and applied by this court, and it has been our uniform holding that, where the other party relies upon the testimony of the maker, the contract must be established by his testimony alone, and that same cannot be contradicted or supplemented by other evidence. *Auter v. Miller*, 18 Iowa 405; *Quaker Oats Co. v. Kidman*, 189 Iowa 906; *Deitrick v. Sinnott*, 189 Iowa 1002, and cases therein cited.

It is contended, however, by counsel for cross-petitioners that an exception exists where the transaction was carried on

by the agent of the maker of the contract. They rely upon *Olsen v. Peregoy & Moore Co.*, 182 Iowa 889, as sustaining the exception. The *Olsen* case fully recognizes and reaffirms the doctrine of our earlier decisions and those cited above. Peregoy & Moore Company, the defendant in the cited case, was a corporation. The general officer of the corporation, who transacted the business on its behalf, was called and examined as a witness by the plaintiff. Whatever may be claimed for our holding in the *Olsen* case, it is clearly distinguishable from the case at bar. The *Olsen* case goes no further than to make Section 4628 applicable to corporations. When applied to a controversy in which a corporation is sought to be held as the maker of an oral contract required by the statute of frauds to be evidenced in writing, the agent or general officer of the corporation transacting the business thereof, according to the doctrine of the *Olsen* case, may be examined as a witness with the same effect as the defendant in other cases. Corporations can do business only through their agents, and to deny the right of the party relying upon the testimony of the defendant to prove an oral contract would be to deny application of the statute to corporations. To extend the rule so as to permit the examination of the agent in every transaction in which the business of the principal was conducted thereby would seriously impair the statute, and open the way to accomplish the very things that the statute of frauds was designed to prevent. Cross-petitioners alleged that they relied upon the testimony of the plaintiff, whom they called and examined as a witness, touching the transaction. This done, her testimony was conclusive and binding upon them, and could not be supplemented by the testimony of the agent.

It is our conclusion, and we hold, that the testimony of Charles S. Elliott as agent of plaintiff was inadmissible, and cannot be considered as against the plaintiff. It necessarily follows that, notwithstanding the fact that plaintiff admitted that Charles had authority to represent her in the negotiations with the cross-petitioners and the other parties in the leasing of the premises in question, since she was not present and has no personal knowledge as to what was said or done, the alleged oral lease was not established by her testimony alone. The

decree of the court below, in so far as it quieted title in plaintiff as against cross-petitioners, must be affirmed.

II.   For answer to the contention of cross-petitioners that the decree of the court below granting specific performance of the contract as against Flora J. Henry and Charles S. Elliott

2. SPECIFIC PER-
FORMANCE: na-
ture and grounds
of remedy: in-
equitableness.

should be affirmed, upon the ground that as to them the contract was fully executed, it is asserted by counsel for appellants that the contract was entire and indivisible, and that it was the clear understanding and intention of the parties that it should become binding upon none of them until duly signed and executed by all.   The question here suggested is both interesting and important, but we prefer to dispose of the case upon other grounds.   An examination of the plat will reveal that Lot 6 of O. P. Lots 4 and 5, Block 2, which is owned jointly by Lulu M. and Charles S. Elliott, adjoins the rear of the east 64 feet of Lot 6, Block 2, owned by Miss Henry; and that Lot 1 of O. P. Lots 4 and 5, Block 2, owned separately by Miss Henry, adjoins the rear of the west 64 feet of Lot 6, Block 2, owned jointly by Lulu M. and Charles S. Elliott.   The decree grants specific performance as against Miss Henry and against the undivided one-half interest of Charles S. Elliott in the two tracts owned jointly by him and his sister, and restrains Miss Henry and Charles S. Elliott from interfering with the right of appellants to assume possession and control of the premises described.   The court below found in favor of Lulu M. Elliott, which finding we have affirmed.   The decree as rendered necessarily affects the interest of Lulu M. Elliott in the two tracts owned jointly by herself and her brother.   There is no way by which cross-petitioners could assume possession of the undivided interest of Charles S. Elliott; and in the absence of a decree of partition, such right is without value to appellants, and serves to cloud the title of Lulu M. Elliott, who prevailed in the court below.   Whether cross-petitioners, as lessees under the interest and right acquired by the decree of specific performance, could maintain an action in partition in their names as against Lulu M. Elliott, we need not determine.   Certainly, the court could not compel either of the joint owners to seek partition, and a decree that indirectly had such compulsory effect would be clearly inequitable.   In

considering the equities of the case, the possession of the respective tracts cannot be overlooked. Unless cross-petitioners are entitled to specific performance as against both Charles S. and Lulu M. Elliott, a decree against the former must necessarily be inequitable as against the latter. That the value of the interest of Lulu M. Elliott in the two separate tracts would be impaired if the decree is permitted to stand would seem to be self-evident. As the decree is inequitable and unjust to Lulu M. Elliott, it cannot be permitted to stand. The rule is of practical uniform application by the courts of this country that relief in actions for specific performance of contracts is not granted as a matter of right, but that the matter rests largely in the sound discretion of the court. *Quarton v. American Law Book Co.*, 143 Iowa 517; *Black v. Miller*, 158 Iowa 293; *Malloy v. Foley*, 155 Iowa 447; *Smith v. Shepherd*, 36 Iowa 253; *Griffin v. Nash*, 187 Iowa 345.

Whatever may be the right of cross-petitioners in an action at law against Charles S. Elliott and Flora J. Henry, we are united in the opinion that this court, in the exercise of a sound discretion, must hold that the decree entered in the court below is inequitable, and should not be permitted to stand. We must not be understood as expressing any opinion as to cross-petitioners' right to proceed at law for damages. The decree of the court, in so far as it is favorable to the cross-petitioners, is reversed; otherwise it is affirmed.—*Reversed in part; affirmed in part.*

WEAVER, ARTHUR, and FAVILLE, JJ., concur.