ELLA HINMAN, Appellant, v. W. N. SAGE, Appellee.

No. 41240.

MARCH 8, 1932.

Hollingsworth & Hollingsworth, for appellant.

E. W. McManus, for appellee.

MORLING, J.—This case was before this Court under the

title of Hinman v. Sage, 208 Iowa 982, where a decree dismissing the plaintiff's petition entered in the District Court on March 5, 1927, was on October 16, 1928, affirmed. Petition for rehearing was denied September 21, 1929. Procedendo issued September 27, 1929. On October 14, 1929, plaintiff made application to the District Court "for granting of a new trial in the above entitled case under and by virtue of Section 12255 of the Code of 1927," upon grounds which may be stated in general terms to be that the action is to recover real estate, that the plaintiff is upwards of 70 years of age, without local male relatives except defendant, and her only advisor was B. F. Jones, her attorney; that plaintiff at the time of the former trial was practically deaf, unable to intelligently understand or answer questions asked her as a witness; that her attorney was gravely ill and unable to give proper attention to the case; that there is other material evidence which she can now produce which she was not apprised of at the original trial; that B. A. Dolan, an attorney, was not hired at her instance, but assisted B. F. Jones as a matter of professional courtesy, and did not represent plaintiff and took no active part in the trial, and was himself in a very sickly condition. The application was supported by the affidavits of B. F. Jones, B. A. Dolan and the plaintiff. Neither the application nor the affidavits set out any specific evidence that was omitted at the former trial and could be produced on new trial. On March 23, 1931, plaintiff filed an additional affidavit setting out the contract between herself and defendant, which gave plaintiff the right to repurchase the land in question for the sum that defendant paid to a named bank for the land "and all other expenses and any other indebtedness the said Ella Hinman may owe the said W. N. Sage * * *," and deposing that she can now prove "what the 'other indebtedness' was * * * and can show that it consisted of certain borrowed money which I had borrowed from him sometime previously in the sum of $200.00 * * *."

Section 12255 is in Chapter 517, entitled "Recovery of Real Property," which provides that "actions for the recovery of real property shall be by ordinary proceedings, and there shall be no joinder and no counterclaim therein, except of like proceedings, and as provided in this chapter" (Section 12230); that "any person having a valid subsisting interest in real

property, and a right to the immediate possession thereof, may recover the same by action against any person acting as owner, landlord, or tenant of the property claimed'' (Section 12231) ; that ''the petition may state generally that the plaintiff is entitled to the possession of the premises, particularly describing them, also the quantity of his estate and the extent of his interest therein, and that the defendant unlawfully keeps him out of possession * * *'' (Section 12235) ; that ''the plaintiff shall attach to his petition, and the defendant to his answer, if he claims title, an abstract of the title relied on * * *'' (Section 12236) ; that ''no written evidence of title shall be introduced on the trial unless it has been sufficiently referred to in such abstract * * *'' (Section 12238) ; that ''when the plaintiff shows himself entitled to the immediate possession of the premises, judgment shall be entered and an execution issued accordingly'' (Section 12253) ; that ''in the cases provided for by this chapter the court, in its discretion, may grant a new trial on the application of any party thereto, or those claiming under a party, made at any time within one year after the former trial, although the grounds required for a new trial in other cases are not shown'' (Section 12255). This section is limited in terms to ''cases provided for by this chapter.'' The chapter and these sections are the same as in the legislative enactment thereof as found in Chapter 2, Title 21 (Sections 4182 to 4207), Code, 1897, entitled ''Of Actions for the Recovery of Real Property.'' The actions there provided for are those commonly known as ''actions of right'' or ''ejectment.'' As will be seen by the report of the case on the former hearing in this Court (208 Iowa 982), this ''action (is) in equity to have a deed decreed a mortgage and for an accounting of rents and profits.'' Plaintiff does not have the legal title to the premises in controversy, is not entitled to the possession, and were she successful would not have the right to judgment for immediate possession. The action is not one for the recovery of real property within the meaning of Chapter 517, of which Section 12255 is a part. Russell v. Nelson, 32 Iowa 215; Pendergast v. B. & M. R. R. Co., 53 Iowa 326; Kitteringham v. Blair Town Lot & Land Co., 66 Iowa 280; Callanan v. Lewis, 79 Iowa 452; Boynton v. Salinger, 147 Iowa 537, 547.

Tilton v. Bader, 181 Iowa 473, relied upon by plaintiff,

involved the interpretation of the statute of limitations, Section 3447, Code, 1897, and does not sustain her position.

Other questions, such as that whether the application was made in time (see Bevering v. Smith, 121 Iowa 607; Butterfield v. Walsh, 25 Iowa 263, decided under the Revision of 1860), and whether the order appealed from was a proper exercise of the discretion of the court (see Tutt v. Smith, 202 Iowa 1389; Bevering v. Smith, 121 Iowa 607), need not be considered. Section 12255, Code, 1927, is not applicable, and the application made under it was properly denied.—Affirmed.

WAGNER, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.