AUSTIN v. WILSON ET AL.

1. **Practice**: CASE REMANDED FOR JUDGMENT: MOTION FOR JUDGMENT. Where a case is tried *de novo* in the Supreme Court, and is reversed and remanded for judgment without any other directions, judgment must be rendered as a matter of course and upon motion, unless the unsuccessful party shall bring himself within some recognized rule which would entitle him to a new trial.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, DECEMBER 20.

THIS is an appeal from an order sustaining a motion for judgment. The action was brought to recover possession of certain real estate. The defendants set up an equitable defense, averring that the defendant, S. O. Wilson, purchased the premises of the plaintiff and took a bond for a deed; that a portion of the purchase-money had been paid and the balance tendered. The plaintiff took issue upon the sufficiency of the tender. The court below held it to be sufficient and rendered a decree for the defendants. Upon appeal this court held the tender to be insufficient and reversed the case. 50 Iowa, 207. A procedendo having been issued, the plaintiff filed a motion for judgment in his favor. The defendants resisted the motion upon the ground, as we understand them, that they were entitled to a new trial. The motion was sustained and the defendants appeal.

*G. W. Adams* and *L. Bulis*, for appellants.

*Cooley, Fannon & Akers*, for appellee.

Austin v. Wilson.

ADAMS, CH. J.—I. It was held in *Adams Co. v. B. & M. R. R. Co.*, 44 Iowa, 335, that the party that is successful in
**1. PRACTICE: case remanded for judgment: motion for.** the appellate court, in an equitable action, is not necessarily entitled where the case is remanded to a judgment in the court below. The unsuccessful party may have a new trial upon a showing of newly discovered evidence, and possibly upon some other grounds. But where a case is tried *de novo* in this court and remanded for judgment without any other directions, judgment must be rendered as a matter of course, and upon motion, unless the unsuccessful party shall bring himself within some recognized rule which would entitle him to a new trial. Parties cannot be allowed to try their cases by piece meal, nor to experiment with the court. Whether if in this case the defendants had made an additional tender and asked leave to amend, setting up such fact, they could have been allowed to amend upon any showing of excuse for not having made sufficient tender in the outset, we do not determine. No such question is before us. The defendants in resistance to the plaintiff's motion for judgment filed written objections, and in them they state that they have tendered the amount due into court. If we were to conclude that the court should have taken notice of this statement we should be obliged to presume that the court found it untrue. We discover no error and the judgment must be

AFFIRMED.