CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellee, v. V. C. HEMENWAY, ET AL., Appellants.

**Appeal:** REVERSAL: REHEARING IN TRIAL COURT. A plaintiff who has suffered a reversal of his decree on appeal, may, in the discretion of the trial court have the former submission set aside for the purpose of a further hearing, upon a proper showing to that end; but this rule does not authorize the court to permit him, without tendering a different issue, to offer additional evidence and again submit his case upon a different theory.

*Appeal from Dickinson District Court.*— HON. W. B. QUARTON, Judge.

MONDAY, MAY 20, 1907.

ACTION to quiet title to real estate. There was a decree in favor of plaintiff, and defendants appeal.— *Reversed.*

*L. E. Francis,* for appellants.

*George E. Clarke,* for appellee.

BISHOP, J.— This is the second appeal in this case. The opinion on the former appeal, reversing a decree of the court below, rendered in favor of plaintiff, will be found in 117 Iowa, 598. On reference to that opinion, it will be observed that the lands in controversy are part of a grant made by the general government to this State to aid in the construction of a railway; the particular tract being within what

is known as the "indemnity limit." It will also be observed that the sole matter at issue was whether such lands were taxable after being earned by the railway company, but before the issuance to it of a patent. The record as made on that submission is included in the record now before us, and it seems to have been conceded that the lands had been earned long prior to the tax levy and sale of which plaintiff complains. And there was neither allegation nor attempt at proof respecting the time when the land had been selected by the railway company or the selection approved. The issue as made was there determined in favor of the right to tax; the court observing that, in the absence of proof, a selection of the land by plaintiff prior to the assessment and levy of the tax must be assumed. Following the filing in the District Court of the procedendo issued out of this court, plaintiff appeared in that court and moved to set aside the former submission, and for a retrial of the case. The grounds of the motion were set forth in an affidavit of counsel annexed thereto, and in substance were these: That at the time of the former trial and submission of the case affiant was informed by the officials of the United States Land Office, located in Des Moines, that the date of the selection by plaintiff of the lands in controversy was prior to the year 1885, and that the approval of such selection was also prior to said year. That he has since discovered the facts to be that the selection was made in March, 1872, but that no approval thereof took place until September 7, 1895. And affiant says that he did not know, and with reasonable diligence could not have ascertained, the erroneous character of the information so imparted to him, and that he did not become advised of the true facts until about March, 1903. The defendants appeared to the motion, and filed objections thereto and a motion to strike. The objections challenged the legal right of plaintiff to a retrial; challenged the good faith of the motion, and the legal sufficiency thereof, as well as the materiality of the matters stated in the affi-

davit of counsel. On submission, defendants' objections and motions to strike were overruled, and plaintiff's motion for retrial was sustained.. Thereafter, the case coming on for hearing on merits, plaintiff offered and read all the evidence taken and received on the original hearing, and, in addition thereto, made proof that the land in question had been selected by the railway company in March, 1872. There was then introduced and read in evidence an official communication of date October, 1895, addressed by the Commissioner of the General Land Office at Washington to the register and receiver of the land office at Des Moines, advising the latter that the land in question was. approved for the plaintiff company September 17, 1895, and patented for it September 21, 1895, also directing that such matters be entered of record in the Des Moines office. The case was then again submitted, and the decree. quieting title in plaintiff here appealed from followed.

The primary contention of appellants — and we shall have no occasion to discuss any other — is that the court erred in sustaining plaintiff's motion to set aside the former submission and in granting a further hearing. Now, in general, remand of a case in equity after reversal of the decree takes it back for a decree in harmony with the opinion. The case does not go back for a new trial. It is true, however, that a plaintiff who has suffered a reversal in this court of a decree may go into the District Court, and, on proper showing, and for proper purposes, have the former submission in that court set aside and the case opened for the purpose of a further hearing. *Adams Co. v. Railroad,* 44 Iowa, 335. Leave to do so, however, is discretionary with the court, and may not be demanded as matter of right. It will be granted only in furtherance of justice, and the showing must be such as ordinarily would entitle a party to a new trial — thus, to permit the introduction of material evidence, omitted by excusable inadvertence, or where material evidence, not cumulative, has been discovered since

the submission, and which could not have been sooner discovered in the exercise of reasonable diligence, or because of matters materially affecting the rights of the parties happening subsequent to the decree, and the like. *Austin v. Wilson,* 57 Iowa 586; *Adams Co. v. Railway,* 55 Iowa, 94. But, as said in the case last cited, " a party cannot be allowed to try his case by installments or piecemeal. Such a practice would make litigation practically endless." Much less can a party who has tried and submitted his case on one theory be allowed after a reversal to go back to the District Court, and, either upon reformed issues or by the introduction of further evidence, again submit his case upon another and different theory. Now, on original submission, the proposition on which plaintiff staked its case was that taxation was not allowable until a patent had been issued, while the proposition on which defendant relied was that taxation was allowable as soon as the lands were earned. This court, as we have seen, took middle ground, and held that, as the lands were not within place limits, taxation must await selection.

With the state of the law and the fact situation in mind, we may now turn our attention to the character of the showing for retrial made by plaintiff. Reduced to a sentence it is this: That at some time prior to the decree first entered counsel for plaintiff was misinformed by the officials of the land office at Des Moines as to the date on which selection of the lands had been made by plaintiff, and the date on which such selection had been approved; that, in view of the grounds on which the reversal of the decree was placed, such dates had become material. Added to this is an averment in general terms of ordinary diligence. We do not see how this showing can be held sufficient. Individually, counsel may not have known of the date of selection, but we do not see how plaintiff could be in doubt as to such date. It had made the selection, and must be held to have known that this occurred, as was subsequently shown, in the year 1872.

But, conceding the misinformation, how was plaintiff prejudiced thereby or misled to its injury? No attempt had been made on the trial to prove such dates, and the failure in this respect was not due to any inadvertence. They were wholly immaterial to plaintiff's theory of its case. Of course, the evidence as to the dates was not newly discovered as of the date of the motion for retrial. And plaintiff had discovered the truth as to such dates as soon as in its view there was any occasion to make use of them. The situation resolves itself down to this: plaintiff selected the ground upon which to wage its controversy for title to the land, and was defeated. Then it came back, and, without even tendering any new issue, demanded that it be allowed to select different ground, fortify the same by additional evidence, and again submit its claim for title. We think the court below exceeded its discretion in acceding to such demand, and hence that its ruling was error. This conclusion finds further support in the following cases: *Shorthill v. Ferguson,* 47 Iowa, 284; *Sgnxy v. Glass Co.,* 68 Iowa, 542; *Leach v. Association,* 102 Iowa, 125.

It follows that the decree appealed from must be, and it is, reversed, and the case is ordered remanded for a decree in conformity with our opinion on the former appeal. — *Reversed.*