STATE OF IOWA ex rel. Owens, Appellant, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF PALO et al., Appellees.

**NEW TRIAL:** Newly Discovered Evidence—Insufficient Showing. It is not error to refuse a new trial for newly discovered evidence when the movent proffers no evidence, other than the assertions of

his motion, (1) that such evidence exists, or (2) that, if it does exist, it could not have been earlier discovered by due diligence.

*Appeal from Linn District Court.*—F. F. DAWLEY, Judge.

DECEMBER 20, 1920.

No preliminary statement is necessary.—*Affirmed.*

*E. A. Johnson* and *Redmond & Stewart,* for appellant.

*Voris & Haas,* for appellees.

SALINGER, J.—This is the second appearance of the case in this court. On the first appeal (188 Iowa 959), we made a recount, and passed upon whether ballots were rightly received and rightly rejected. As a result of the count, we found that the continued existence of the defendant school district had been maintained, because the vote against its existence was a tie. On remand, certain further proceedings were had in the district court, and this appeal is from what was done on remand. Appellee asks us to hold that our decision was final, and that no retrial was permissible. For reasons presently to be stated, there is no need to pass upon this contention. Let us grant, for the sake of argument, that retrial was permissible, notwithstanding the decision here, and this brings us to the exact question that is raised by this appeal. The complaint is that the court disregarded or struck a fifth amendment to petition filed by appellant. This action is said to be error, because Section 3600 of the Code provides that, for certain purposes, said to exist here, amendments may be filed at any stage of the trial. We find to be tenable the further point that a party may be allowed to amend after reversal, and we may grant the further claim that, even after review *de novo,* the party may entitle himself to file amendments necessary to avail himself of newly discovered evidence. It is conceded that plaintiff is seeking new trial as to the same cause of action wherein there was a reversal: that is to say, is not, by the last amendment, changing its claim. The sum is that the amendment should have been permitted, because based upon newly discovered evidence. This amendment

did recite that specified illegal votes were received to such an extent as to change the conclusion reached on the appeal, and that the evidence thereof was "newly discovered evidence," and that the discovery has been made since the former trial, "though prior and during the former trial the plaintiff made diligent efforts to discover the same." This amendment is not verified. No evidence in its support was tendered. Certainly, it is not proof of its own assertions. The motion to strike said amendment expressly asserted that the same "is not verified, and no showing is made which, under the statute, would warrant the court in giving the amendment any weight or consideration at this time, and no facts appear which would warrant the reopening of the case and granting of a new trial." Saying nothing of the discretion the trial court had in permitting this amendment, and assuming that, on proper proof, there should have been an additional hearing to consider the alleged newly discovered evidence, the order appealed from must be sustained, because the court had no right to take the assertions of the amendment to be true, against specific objection asserting lack of support of those assertions. In other words, it is not error to refuse a new trial for newly discovered evidence, where there is no proof either that such evidence exists or that, if it exists, it could not have been discovered earlier by due diligence.—*Affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.