HATTIE E. TUTT, Appellee, v. T. H. SMITH et al., Appellants.

NEW TRIAL: Grounds—Belated Presentation. The overruling of a motion for new trial will not be disturbed on appeal when such motion was filed after appeal and issuance of procedendo, and on the ground that the applicant inadvertently overlooked in the trial of the case certain available testimony. (See Sec. 12255, Code of 1924.)

Headnote 1:    4 C. J. p. 1224; 29 Cyc. pp. 851, 866.

*Appeal from Lee District Court.*—JOHN M. RANKIN, Judge.

FEBRUARY 8, 1927.

The defendant filed a petition for a new trial after appeal and reversal, which petition was overruled, and defendant appeals.—*Affirmed.*

*J. O. Boyd,* for appellants.

*Rendlin & White* and *E. W. McManus,* for appellee.

FAVILLE, J.—This is the second appeal of this case to this court. The opinion on the first appeal is reported in 201 Iowa 107. The facts of the case are set forth at length in said opinion, and it is unnecessary that we repeat them in detail at this time. Appellant Mary E. Webb owned certain property in the city of Keokuk. She executed a warranty deed of the property to one Herst, in pursuance of a contract with Herst for the exchange of land. Deed to appellant's property was placed in the hands of one Evans, to be by him turned over to one Brace. Subsequently, without authority of Webb, this deed was recorded. Herst never carried out the contract upon his part with Webb; but shortly after the recording of the deed referred

to, Herst and wife conveyed the property to the appellee, Tutt. Thereafter, this appellant commenced an action against Herst, to set aside the deed to him and to quiet title to the premises. In this action Tutt intervened. Her petition of intervention was stricken, on motion, and no appeal from said ruling was had. Upon trial of the case of Webb v. Herst, the deed executed by Webb to Herst was canceled and set aside, and title to the property was quieted in Webb. This action was originally instituted by Tutt, to quiet title in her to the said described real estate against any claim of Webb's. The lower court denied the relief granted, and, upon appeal to this court, the action of the trial court was reversed. *Tutt v. Smith*, supra. The opinion was filed June 25, 1925; procedendo was issued January 19, 1926; and thereupon, on January 21, 1926, Tutt filed a motion in the district court for a decree in accordance with the opinion of this court, quieting title in Tutt. Webb appeared in said action, and asked leave of court to introduce further evidence, which request was denied; and on January 26, 1926, a decree quieting title in the appellee, Tutt, was entered of record in the trial court. On January 29, 1926, Webb filed a petition for a new trial, alleging that said petition was filed in accordance with Section 12255 of the Code of 1924. The petition for a new trial is very extensive, setting out a complete recital of the various transactions between the parties, including evidential matters, and sets out *in extenso* evidence that was taken in the case of Webb v. Herst. The gist of the petition for a new trial is that the appellant contends therein that certain evidence was not presented upon the original trial of the cause, through oversight and inadvertence of counsel; that, if a new trial is granted, appellant can establish the fact that the deed to the property in question was placed with one Brace, as in escrow, under condition that it should not be delivered until the due performance of the provisions of the contract between appellant and Herst; that neither Evans nor Brace was her agent or representative; that said deed was obtained from escrow without authority; that its execution was obtained by trickery and fraud; and that said deed was never delivered.

Conceding, without deciding, that, in this action, under Section 12255 of the Code a new trial may be granted on other grounds than those required to obtain a new trial in other ac-

tions, we think that, upon the record, the trial court did not abuse the discretion vested in it, in refusing to grant a new trial in the instant case. There is no showing or claim that the evidence which appellant now alleges is available to her if a new trial is granted, was not available to her at all times. In fact, the record satisfactorily shows that it was so available. There has been no casualty or misfortune or surprise. In its last analysis, the position of the appellant is simply that, through inadvertence and oversight, she did not prove all that was available to her to prove upon the former trial of the case. Granting that, under certain circumstances, the trial court, in the exercise of a sound discretion, may grant a new trial in an equitable action after the procedendo has issued from this court, it is a right seldom exercised, and the discretion of the trial court will not be interfered with by this court unless it appears to have been abused. Where it appears that the evidence sought to be introduced upon the new trial was available at all times to the party applying for such new trial, it cannot be made the basis of ground for a new trial after appeal and the issuance of a procedendo. *Chicago, M. & St. P. R. Co. v. Hemenway*, 134 Iowa 523; *State ex rel. Owens v. Consolidated Ind. Sch. Dist.*, 190 Iowa 385. In any event, it is at least very doubtful if the proffered evidence could have changed the result, in view of our pronouncement of the law of the case. We are persuaded that the trial court did not abuse its discretion in overruling appellant's motion for a new trial. The order appealed from must be, and it is, in all respects—*Affirmed.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.