PORT STITT and HELEN FREUDENBURG, coadministrators of estate of Mae Louie Hartstack, appellees, v. HOWARD SUNDERMAN, administrator of estate of Albert J. Hartstack, deceased, and GRACE V. BOO HARTSTACK, appellants.

No. 49269.

(Reported in 86 N.W.2d 157)

192

NOVEMBER 12, 1957.

Ferguson, Ferguson & Falk, of Shenandoah, for appellants.
Stipe, Davidson & Hemphill, of Clarinda, for appellees.

PETERSON, J.—This is the second appeal in this case. The decision on former appeal was rendered June 19, 1956, and is reported in 247 Iowa 1132, 77 N.W.2d 629. In that decision, Justice Oliver speaking for the court, outlined the facts in detail. We will only review such facts as are necessary for consideration of this appeal. Albert J. Hartstack married Mae Louie on February 9, 1915. With the exception of the first four years they lived in Page County until 1948, when Mae became mentally deranged and was committed to the Mental Health Institute at Clarinda. They were farmers and had become the owners as tenants in common of two farms containing 360 acres. They were the parents of two children who are now adults. In 1950 Albert became enamored of a lady by the name of Grace V. Boo. He went to Nevada, and after the customary short stay in that state, secured a divorce from Mae on March 6, 1951. Grace was present at Las Vegas and they were married the same day. They immediately came back to Clarinda to live, but afterwards moved to Villisca, in Montgomery County. July 14, 1954, Albert died intestate. July 19 Howard Sunderman was appointed administrator of his estate on Grace's petition. October 16 ex parte order was entered in the estate in Montgomery County allowing Grace $4250 widow's allowance and allocating to her all exempt property, stating she was "the surviving widow of said decedent."

October 29 Port Stitt, as guardian of Mae Louie Hartstack, filed application to cancel the ex parte order. May 4, 1956, order of court was entered, by another District Judge than the one who had made the previous order, denying the application. This is the order of court on which the present appeal is based.

August 27, 1954, this action, for declaratory judgment as to respective rights of Mae and Grace, was filed in Page County. August 8, 1955, decree was rendered holding the divorce of Albert in Nevada "is a nullity so far as its effect upon the property rights of Mae Louie Hartstack as the surviving widow of Albert J. Hartstack, and that said Mae Louie Hartstack is entitled to the interests of a surviving spouse in property left by the decedent, Albert J. Hartstack." The decree was amended by the court to read that Mae was entitled as surviving widow to such share "as provided in section 636.5 of the 1954 Code of Iowa." This section restricts share of surviving widow to one-third interest in real estate. Mae died September 18, 1955. Port Stitt, her guardian, and Helen, her daughter, were appointed co-administrators, and were substituted as plaintiffs. Plaintiffs appealed, and in our former decision we affirmed the ruling of the trial court holding Albert's divorce a nullity and his marriage to Grace illegal. We reversed the trial court as to the restriction in the court's decree to one third of real estate and held that Mae was the owner of one third of all property left by Albert. The cause was remanded for judgment in accordance with our decision. January 12, 1957, the trial court entered the judgment.

December 18, 1956, appellants filed application for leave to amend answer for the purpose of pleading the order of May 4, 1956, in Montgomery County District Court, denying application to cancel the ex parte order approving widow's allowance and allocating exempt property to Grace. They would further plead that an appeal had been taken to the Supreme Court from this interlocutory order, which appeal was abandoned after our decision of June 19, 1956, and dismissed by this court. Appellants claim the order of May 4, 1956, was entered in Montgomery County after this case had been fully tried and decree rendered in Page County, and after appeal had been perfected. They allege, therefore, that the legal import of this order could not have been brought before this court in previous appeal and

should now be brought into this case by amendment to answer. January 14, 1957, the trial court denied defendants' motion for leave to amend answer, holding that the orders in the estate in Montgomery County are not controlling in this case, and that the effect of amendment, and successful conclusion as to the issues raised, would mean complete reversal of our former opinion. Defendants have appealed from this ruling of the trial court.

I. If proper basis exists, appellants' procedure for leave to amend answer, and filing of amendment if approved, is permissible. Adams County v. B. & M. R. Co., 55 Iowa 94, 2 N.W. 1054, 7 N.W. 471; Austin v. Wilson, 57 Iowa 586, 11 N.W. 8; Chicago M. & St. P. Ry. Co. v. Hemenway, 134 Iowa 523, 111 N.W. 987; Tutt v. Smith, 202 Iowa 1389, 212 N.W. 127; Sears, Roebuck & Co. v. Nelson, 230 Iowa 936, 299 N.W. 398. It is a procedure seldom used and abuse of discretion must clearly appear to justify interference with the action of the trial court. In Tutt v. Smith, supra, we said at page 1391 of 202 Iowa: "Granting that, under certain circumstances, the trial court, in the exercise of a sound discretion, may grant a new trial in an equitable action after the procedendo has issued from this court, it is a right seldom exercised, and the discretion of the trial court will not be interfered with by this court unless it appears to have been abused."

II. Counsel for both appellants and appellees present extended and able arguments on the question of res judicata. Appellants contend in their motion that the order entered by the court in the estate of Albert J. Hartstack on May 4, 1956, denying application of appellees to cancel ex parte order allowing widow's allowance and exempt personal property to Grace, as surviving widow, establishes the fact that she is the surviving widow. They reinforce their contention on the basis of the appeal taken by appellees to this court being abandoned and dismissed. They contend this creates a finality which is res judicata, and establishes Grace as the surviving widow. The doctrine of res judicata does not control this case. Our former opinion controls the issue as to surviving widow. We settled the question that Mae was the surviving widow of Albert in our first opinion herein.

As a matter of concluding litigation it is perhaps for-

tunate this appeal was taken. It brings squarely before us the conflicting decisions in the two counties. In appellants' motion for leave to amend, the orders in Albert's estate in Montgomery County served as a basis for the motion. In the original appeal we only had before us the decree in the Page County case. While we could and did announce our decision as to the nullity of divorce of Albert from Mae and the illegality of his marriage to Grace V. Boo, the orders in the estate in Montgomery County were not at that time before this court. They are now before us as part of the record on this appeal. We recognize the question involved in the appeal is the ruling of trial court as to appellants' motion for leave to amend. However, to support the ruling of the court that permitting amendment would be foundation for reversal of our former opinion, it is necessary to consider the significance of the orders in Albert's estate. It is a peculiar anomaly to find ruling in Albert's estate in Montgomery County holding Grace V. Boo to be his surviving widow, and conclusion of law in case in Page County holding Mae to be his surviving widow. This court is the forum in our judicial system for settlement of such conflicting rulings. We reaffirm our former decision, and establish Mae as surviving widow in the District Court proceedings of both counties. When the administrator files his final report, and complies with the statutory requirement for listing of surviving spouse and heirs, he shall list Mae Louie Hartstack as surviving widow.

III. We held in former opinion (page 1138 of 247 Iowa) that: "The divorce was a nullity, not merely as to property rights of Mae Louie Hartstack, but entirely and for all purposes." The ruling is supported by many citations, and by extensive consideration of several cases. McCraney v. McCraney, 5 (Clarke) Iowa 232, 68 Am. Dec. 702; Lawrence v. Nelson, 113 Iowa 277, 85 N.W. 84, 57 L. R. A. 583; Wood v. Wood, 136 Iowa 128, 113 N.W. 492, 12 L. R. A., N. S., 891, 125 Am. St. Rep. 223; Dennis v. Harris, 179 Iowa 121, 153 N.W. 343. An exhaustive reconsideration of this question is unnecessary and would be repetitious. For emphasis we will requote a brief but expressive statement from McCraney v. McCraney, supra, at page 253 of 5 (Clarke) Iowa: "There cannot be two widows, lawfully entitled to dower, any more than there can be two wives, legally entitled to the

support, care, protection and name of the husband." This statement was made in the McCraney case in 1857. In one hundred years of judicial history we have never overruled this decision.

In procedure such as followed by appellants we can take the possible ultimate conclusion into consideration. In Tutt v. Smith, supra, defendants filed a petition for a new trial after appeal and reversal, which was overruled, and defendants appealed again. We affirmed the trial court, and said (page 1391 of 202 Iowa) : "In any event, it is at least very doubtful if the proffered evidence could have changed the result, in view of our pronouncement of the law of the case." If the amendment in case at bar had been permitted on the basis of the proffered evidence in the motion, and the case again came before us, we would not change our position as to Mae being the surviving widow of Albert.

IV. All parties urge vigorously that a decision be rendered to close this litigation, which has been extended over several years. We believe this decision accomplishes that result. The responsibility now rests on appellees as to whether the litigation can be concluded promptly. They have filed application for removal of administrator. Appellants' motion for leave to amend did not fully disclose the procedure in Estate of Albert J. Hartstack, so we requested the Clerk of District Court of Montgomery County to certify the estate file to this court. R. C. P. 341. Insistence on removal of administrator can only result in further endless litigation. Otherwise, closing the estate, in view of our former decision and this decision, should be simple. After payment of outstanding debts and taxes, if any; allowance of final fees of administrator and attorneys; and accounting to Mae's estate for any funds in hands of administrator collected as rental on Mae's one-half interest in real estate, if any; the administrator can distribute the balance promptly, one third to administrators of Mae's estate and two thirds to the two children of decedent, in equal shares.

We hold the trial court did not abuse its discretion in overruling the motion for leave to amend. The ruling and judgment thereon are affirmed.—Affirmed.

All JUSTICES concur.