IN RE ESTATE OF ALBERT J. HARTSTACK.

PORT STITT, coadministrator of estate of Mae Louie Hartstack, deceased, appellant, v. HOWARD SUNDERMAN, administrator of estate of Albert J. Hartstack, deceased, and GRACE V. BOO HARTSTACK, appellees.

No. 49687.

(Reported in 94 N.W.2d 744)

February 10, 1959.

Stipe, Davidson & Hemphill, of Clarinda, for appellant.

Ferguson, Ferguson & Falk, of Shenandoah, for appellees.

Larson, J.—This appeal comes to us from the district court's rulings on objections and motions filed by the appellant, Port Stitt, coadministrator of the estate of Mae Louie Hartstack, deceased, in the estate of Albert J. Hartstack, deceased. Appellant argues a number of errors, but only four need be considered. The court in its ruling said: "Upon hearing it was announced by the court and agreed to by the attorneys of record that in view of the fact that the heirs of Albert J. Hartstack and the heirs of Mae Louie Hartstack were identical that the only matters that would be heard and considered by the court were those items that would make a monetary difference to the ultimate heirs of the estates of Albert J. Hartstack and Mae Louie Hartstack." It then considered four items: (1) The widow's allowance made to Grace Boo Hartstack; (2) the action of the court in setting off exempt property to Grace Boo Hartstack; (3) the settlement and distribution of income from the Missouri farm; and (4) the attorney fees. The court then approved the reported expenditures and disbursements as to those items. We disagree except as to the fourth item.

Although substantially the same principal issue has been before us on two previous occasions, we deem it necessary to again set forth the events leading to this appeal. See Stitt v. Sunderman, 247 Iowa 1132, 77 N.W.2d 629; and Stitt v. Sunderman, 249 Iowa 191, 86 N.W.2d 157.

On July 19, 1954, Grace Boo Hartstack, as "surviving wife", petitioned the district court in Montgomery County, Iowa, for the appointment of Howard Sunderman as administrator of the estate of Albert J. Hartstack, deceased. No one questioned the appointment, but shortly thereafter on August 27, 1954, Port Stitt, guardian of Mae Louie Hartstack, incompetent, confined at Clarinda, Iowa, commenced a declaratory action on behalf of Mae in Page County, Iowa, against the administrator of the estate of Albert J. Hartstack, and Grace Boo Hartstack, which asked the district court to declare and determine the rights and privileges of Mae under her contract of marriage with decedent, Albert J. Hartstack. Sunderman, as administrator, and Grace were duly served, appeared, and contested the claims of Mae.

Without awaiting a final determination of Mae's status in that proceeding, Grace applied to the probate court in Montgomery County for, and, by ex parte order October 18, 1954, received, a widow's allowance in the sum of $4250. On October 18, 1954, she also applied and received by ex parte order a setoff and distribution of the personal property listed as exempt in Schedule III of the inventory.

On October 29, 1954, the appellant herein, as guardian of Mae, filed a motion in the probate court to set aside the ex parte order granting Grace a widow's allowance, and *called the court's attention to the fact that the vital issue as to who was the legitimate widow of Albert J. Hartstack was being litigated in the declaratory action involving all the parties in Page County, Iowa.* It further asked that "the question of widow's allowance in this proceeding be by order duly held in abeyance until a determination of the * * * declaratory judgment now pending therein be first had * * *."

On December 22, 1954, the appellant-guardian of Mae also filed an application for the appointment of referees to "admeasure and set off to his ward * * * her distributive share of real estate and personal property" and that the court set off to Mae,

as surviving widow, the exempt property, and grant to her a fair and just widow's allowance.

On May 4, 1956, the court, after "a hearing upon all of said applications was had", (1) denied the application to set aside the widow's allowance made to Grace, (2) denied the application asking a widow's allowance to Mae, (3) found that the ex parte order of October 16, 1954, establishing Grace "as surviving widow", was attacked, confirmed her status as surviving widow, and held that she was entitled to "the exempt property set forth in Schedule III of the inventory" as her distributive share in the estate of Albert J. Hartstack, deceased. It also denied the application of Port Stitt and Helen Freudenberg, coadministrators of the estate of Mae Louie Hartstack, to set off exempt property to her. She had passed away and the appellant, as coadministrator, was substituted for the guardian in these matters.

In the meantime the declaratory judgment rendered in the Page County District Court had been appealed to us. It had been argued and submitted, but no decision had yet been rendered.

Appellant, Stitt, appealed the May 4 decision to us (interlocutory appeal granted), but before it was perfected our decision in the Page County declaratory action was handed down on June 19, 1956, confirming Mae and only Mae Louie Hartstack as the surviving widow of Albert J. Hartstack. Stitt v. Sunderman, supra, 247 Iowa 1132, 77 N.W.2d 629. We were quite positive as to our holding therein, stating on page 1138 of 247 Iowa:

"But the ultimate question is one of status, as affected by the adjudication of the validity or invalidity of the prior proceeding. Hence the conclusion here that the divorce was a nullity leads to the further conclusions, that Mae remained the wife of Albert, that his purported marriage to defendant Grace was invalid, and that *Mae was his surviving widow * * * and was entitled to all the property rights of a surviving widow.*" (Emphasis supplied.)

Thereafter Administrator Sunderman and Grace Boo asked leave to amend their answer and file amendments in the Page County case to show the adjudication that Grace was the surviving widow in the probate court in Montgomery County. It was

alleged and argued that when the coadministrators of Mae's estate failed to pursue their appeal from the May 4, 1956, adjudication, that Grace, not Mae, finally was determined as the surviving widow entitled to the widow's allowance and the widow's distributive share. That determination, they argued, became a final judgment and was res judicata of the issue in the Page County matter.

The trial court denied that application and the matter again reached us for a decision in Stitt v. Sunderman and Grace V. Boo Hartstack, 249 Iowa 191, 86 N.W.2d 157. Therein we said on pages 194 and 195 of 249 Iowa, page 159 of 86 N.W.2d:

"The doctrine of res judicata does not control this case. Our former opinion controls the issue as to surviving widow. We settled the question that Mae was the surviving widow of Albert in our first opinion herein. * * * It is a peculiar anomaly to find [a] ruling in Albert's estate in Montgomery County holding Grace V. Boo to be his surviving widow, and [a] conclusion of law in [a] case in Page County holding Mae to be his surviving widow. This court is the forum in our judicial system for settlement of such conflicting rulings. We reaffirm our former decision, and establish Mae as surviving widow in the District Court proceedings of *both* counties." (Emphasis supplied.)

On April 29, 1957, appellant filed a petition in the Albert Hartstack estate for the removal of appellee Sunderman as administrator due to his failure to make reports. Sunderman promptly filed his first report and accounting. Later an amendment was filed and this appeal follows the order of the district court approving that report and overruling the objections of appellant thereto on August 27, 1958.

In its order of August 27, 1958, the trial court held that the appointment of Howard Sunderman, as administrator, on the application of Grace Hartstack, as surviving widow, was never challenged, and that the appointment was long before the decree rendered in Page County July 30, 1955, and that the dismissal of the interlocutory appeal to us on September 18, 1956, finally established in Grace the status and rights of "surviving widow." It also found "that the exempt property * * * in this estate should be set off to Grace Hartstack, as surviving widow of Albert J. Hartstack * * *." The court then approved the

administrator's disbursement of $4250 to Grace and a distribution of the proceeds of the sale of exempt property to her in the sum of $2138.53.

■ I. Heretofore we have twice said that Mae Louie Hartstack, and only Mae Louie Hartstack, was the surviving widow of Albert J. Hartstack, and that Albert did *not* have the relation of man and wife with Grace Boo. We now say it again and will try to spell out the effect of these past pronouncements on the matters at hand. Obviously we differ with the learned trial court in its holding that the status of Grace Boo was not in issue or was not challenged in the Page County declaratory action. In both previous appeals we held that it was, and without uncertainty we clearly stated the status of the parties in relation to Albert J. Hartstack. That determination was final as to this estate in Montgomery County, although rendered in the Page County case, and must now and hereafter be recognized as the law of the case in both forums.

It may be that these proceedings disclose an extraordinary use of the declaratory-judgment action. It may even be that originally the declaratory action should not have been permitted in Page County. Apparently that question was not raised, and it was permitted. In such an action the status declared has "the force and effect of a final decree." Rule 261, R. C. P. Ostrander v. Linn, 237 Iowa 694, 22 N.W.2d 223. Also see the discussion in Iowa Rules Civil Procedure by Cook, Volume 3, pages 242 to 275.

When that action was brought in Page County and the administrator of Albert's estate and Grace Boo were made parties, the validity of Grace's claim to the status of "surviving widow", as well as any rights or privileges arising from that status, were obviously placed in issue. There could be but one surviving widow in these circumstances. Stitt v. Sunderman No. 2, supra, and cases cited therein. Any action taken by the parties thereafter in the estate of Albert J. Hartstack in which the rights of the surviving widow were involved was subject to a final determination by us of the question as to which party was the surviving widow.

It is true that such a final determination might have been readily obtained in either district court, but by the same token

it should be unnecessary to get such a final determination in both proceedings. The first appeal in this matter came through the Page County declaratory action. It may well have come first by the prosecution of an appeal from an adjudication in the Montgomery County case. It would, we think, be unreasonable and unsound to require an appeal in each of these actions when the same issues as to status, rights and privileges of the same parties were involved. On the vital issue involved, only one decision of this court was necessary or proper.

Furthermore, the decision rendered by us in the first Stitt v. Sunderman case effectively set aside the adjudication of the probate court in Montgomery County of May 4, 1956, that Grace Boo was the widow and entitled to the rights and privileges of the surviving widow, and that Mae was not entitled to them.

That decision also set aside any implication that Grace Boo was the "surviving widow" by virtue of the appointment of the administrator on her petition as "surviving wife." It resolved any question as to whether the appeal from the May 4, 1956, adjudication in the probate matter (interlocutory) was properly abandoned. Further prosecution of that appeal would have resulted in costly and needless litigation. The question raised therein had become moot, for a rehearing was denied in the Page County appeal September 24, 1956.

The problems raised by this appeal were unusual in this jurisdiction and no doubt have caused both judges and counsel considerable uncertainty. We recognize a further problem when such declaratory actions, paralleling other proceedings, are permitted, and different results are obtained in different forums, especially when neither adjudication is timely appealed. However, that question is not now before us and we venture no opinion as a result of that anomaly. We mention it merely to point out the care needed in allowing the declaratory action in circumstances where the issue could be as readily and speedily tried and determined in the existing probate matter.

After we settled the vital issues in the declaratory action in favor of Mae, the district court could not approve any distribution of Albert's estate administered in this jurisdiction to Grace Boo Hartstack. On the other hand, it must require that

518

the administrator of Albert's estate, the appellee Sunderman herein, recover or make good those sums paid to Grace, with legal interest, from the rendition of our final judgment in the first Stitt v. Sunderman case June 19, 1956.

By way of further explanation, we note that appellees' contention, that the May 4, 1956, adjudication in the probate matter was final, was previously rejected in the second Stitt v. Sunderman case. The contention would have been correct had there been no declaratory-action appeal pending involving the same parties and the same subject matter. That is what was meant when we said that the doctrine of res judicata did not apply in this matter.

It is true, and the law, generally speaking, is well settled, that when, after notice and hearing, a court of probate passes upon and adjudicates a claim or other matter in issue, its action in the absence of an appeal will ordinarily be conclusive. That adjudication would then be res judicata. In re Estate of Nicholson, 230 Iowa 1191, 1208, 300 N.W. 332, and many citations therein; Reidy v. Chicago, B. & Q. R. Co., 216 Iowa 415, 417, 249 N.W. 347; In re Estate of Swanson, 239 Iowa 294, 306, 31 N.W.2d 385; In re Estate of Tiernan, 232 Iowa 139, 143, 4 N.W.2d 869. But as we pointed out, that rule has no application here. The adjudication of May 4, 1956, on the status and rights of Grace and Mae and as to disbursements approved thereunder were set aside by our June 19, 1956, decision. It no longer had the effect of an adjudication. It was superseded and could not support the claim of res judicata. Jurisdiction of this court to determine the status and the rights and privileges of the parties had been properly obtained and was never lost. The existing action and its issues then appealed to us were well known to the litigants and to the probate court. That the adjudication might be set aside by our decision in conflict with it must have been clear to the court and the administrator. Distributions made in the face of the warnings were at appellee Sunderman's peril.

In order to hereafter expedite the proper administration of the estate of Albert J. Hartstack, the appellee Howard Sunderman is ordered to recover from Grace Boo the amounts heretofore delivered to her, plus interest, and the district court shall

then make such distributions to the estate of Mae Louie Hartstack, including exempt property, and to set off to her a one-third distributive share of the real and personal property involved as she may be entitled to as the surviving widow of Albert. This distribution shall also include the funds which passed through this estate from the farm in Missouri.

■ ■ II. The amount involved in the distribution to Grace made by the appellee administrator from the income of the Missouri farm is small, being only $517.20. The trial court found that a settlement agreement executed between Grace, Dale and Helen was filed with the administrator, that he collected the income and paid the claims pertaining to that farm as agent or trustee and not as administrator, and that he was not held accountable for that disbursement to Grace in this estate. We are well aware of the rule advanced by appellees that in probate the findings of the court, if there be supporting evidence, shall have the effect of a verdict by a jury and that they are binding upon us. In re Estate of Nicholson, supra, and cases cited on page 1209 of 230 Iowa. The law on this point is well settled. However, we do not agree that there is competent evidence that the administrator Sunderman was acting as trustee. Only the purported agreement, to which Mae's guardian was not a party, would tend to sustain that contention. On the other hand the administrator paid the taxes and expenses of the Missouri farm from funds in the estate, and in his report filed herein he accounted for the receipts from that farm in the estate. The agreement or release was signed by parties he assumed were those solely interested, and in that conclusion he was wrong. As far as this State is concerned, Grace Boo was not the surviving widow, and no part of the estate funds administered in Iowa should have been delivered to her as such. In this regard we think the administrator took a chance on the validity of the instrument and paid out estate funds for which he cannot now get credit. He must therefore also obtain a return of the amount of $517.20, and interest, paid to Grace Boo Hartstack or repay it from his own funds.

■ III. Appellant urges, with some evident reluctance, that the court allowances for attorney fees are unjustified and excessive. With this contention we cannot agree. It is true, in

defending the actions brought against the administrator of the estate of Albert J. Hartstack, deceased, and Grace Boo Hartstack, counsel did considerable work which could be said was in support of the contentions of Grace Boo, but that is not our question. We are interested in whether from the record there is substantial evidence that necessary and proper services were rendered the estate and the administrator in his official capacity and that the charges for those services did not appear excessive. If there was such evidence, and we think there was, then the allowances made by the district court must be affirmed. The rule is well established in this matter. In re Estate of Dehner, 230 Iowa 490, 298 N.W.2d 656, 143 A. L. R. 669.

It cannot be said, in view of the position we have taken here, that the status, rights and privileges of Grace and Mae could be finally determined in either one of these actions, that the defense offered in Page County was of value only to Grace. The administrator Sunderman, when challenged, was obliged to secure a final determination as to who was the surviving widow in order to make proper distributions in the estate. The litigation for which these charges were made determined that question.

We have carefully examined the fee schedule submitted and find there was ample supporting evidence upon which the fees of $2500 and expenses could be justified. They are, therefore, approved and the trial court's approval of this item is affirmed.

IV. From the administrator's report, as set forth in the record, it seems evident that after the funds wrongfully distributed to Grace Boo Hartstack are replaced, there should be sufficient funds in the estate to meet the claims for Mae's hospitalization, funeral expenses, etc.

The only heirs of Mae and Albert Hartstack are Dale Dean Hartstack and Helen D. Freudenburg. With the exception of allowable claims in the estate of Albert and in the estate of Mae, the only interested parties now are these heirs, and there should be no need to sell real property to pay these claims. A prompt closing of Albert's estate should therefore be effected.

We conclude the administrator's report must be disapproved as herein indicated, with the exception of the attorney fees al-

lowed, and that the administrator shall be held to account for any sums previously paid out to Grace Boo Hartstack.—Reversed in part and affirmed in part.

All JUSTICES concur.