LINNIE RACHAEL GAGEN, incompetent, by J. O. ROSECRANS, her guardian, appellant, v. BANKERS TRUST COMPANY et al., appellees.

No. 49981.

(Reported in 103 N.W.2d 743)

 

JUNE 14, 1960.

 █ 

Norman D. Elliott and C. D. Reed, both of Des Moines, for appellant.

Gamble, Read, Howland, Gamble & Riepe, of Des Moines, for appellee Bankers Trust Company.

Clarence I. Spencer, of Des Moines, for appellees Aalders.

HAYS, J.—In 1954 a trust agreement was entered into between Linnie R. Gagen and Bankers Trust Company, Des Moines, Iowa. In accord therewith a residence property located at 3309 Center Street, Des Moines, then owned by Mrs. Gagen, was conveyed to the trust company, as trustee, as security for a loan of $2500 and for future advances to be made by the trustee to Mrs. Gagen. Thirteen payments of $60 per month were later made to her. The agreement granted broad powers to the trustee, one being the right to sell the property at its market price. The proceeds were to be used for the benefit of Mrs. Gagen. Thereafter Mrs. Gagen was placed under an involuntary guardianship and in 1957 the guardian made application to the court to sell the equitable interest of his ward in said property. The Bankers Trust Company, as trustee, joined in this application to sell. In February 1957 the court authorized the sale and on April 10, 1957, the property was conveyed to defendant Aalders for the sum of $4500. Both a guardian's and a trustee's deed were executed.

In this action in equity, commenced in October 1957 by the then guardian of Mrs. Gagen, it is prayed that the trust agreement and the trustee's deed be set aside and held for nought. It might here be stated that the present guardian is not the same individual that sold the property. As a basis for the action it is alleged that Mrs. Gagen was mentally incompetent at the time the trust agreement was executed; constructive fraud on the part of the trust company, and failure of counsel to properly represent her; also general equitable relief is prayed. Nowhere in the pleadings does plaintiff mention the execution of the guardian's deed nor ask relief thereunder, unless it be in the prayer for general equitable relief.

There is testimony in the record that Mrs. Gagen is afflicted with arteriolosclerosis, cardiovascular disease and hypertension which have some effect upon the mental condition of one so afflicted. While her exact age does not appear, it is clear that she is an elderly woman. However, the record fails to show that her mental condition was in 1954 such as to make her incompetent to execute the trust agreement. She has not sustained her burden of proof in this regard. Stephenson v. Stephenson, 247 Iowa 785, 74 N.W.2d 679; Groves v. Groves, 248 Iowa 682, 82 N.W.2d 124. As to the confidential relationship, the record is clearly against plaintiff. It appears without dispute in the record that the idea of such a trust agreement was first presented to the trust company by an attorney representing her; that she had had no prior dealings with the trust company, and that the agreement was signed by her upon the advice of her attorney. The trial court found against plaintiff upon both propositions and correctly so. However, under the view that we take of this case, we do not deem these matters to be too important.

This property was conveyed by a guardian's deed under an appropriate order of the court. Chapter 668, Code of 1958, and section 670.16, Code of 1958. The record shows that the necessary statutory steps were strictly complied with and that the court had jurisdiction of both the person and the subject matter of the action. No attack is made upon this deed. With the execution and delivery of this deed, any and all interest

that Mrs. Gagen had in this property was taken from her and transferred to the purchasers. Only if and when this deed is attacked and set aside does Mrs. Gagen have any interest in this property. Even though the trustee's deed be found to be void, the legal title would still be in the trustee with Mrs. Gagen's interest being only in receiving a money return from the trust company up to the extent of the value of the property. We do not refer to any claim that might be made against the trust company for the manner in which the trust may have been administered nor intimate that such a claim might be made. It is not involved here.

While we have already stated that plaintiff failed to carry his burden of proof as to the allegations of mental incompetency and constructive fraud, still even assuming that such burden has been met the affirmative defense advanced by defendant Bankers Trust Company of res judicata appears to be a complete answer to plaintiff's petition. The Bankers Trust Company, while not required to do so, joined in the petition with the guardian and asked permission of the court to sell this property. The court had jurisdiction of the parties and of the subject matter. The trustor was represented by a guardian ad litem and filed answer. Whether or not this trust agreement was valid such as would permit the passing of the legal title by the trustee was clearly involved. It was a matter intrinsic in the matters then before the court and, whether or not it was presented to the court, they were necessarily determined by the order of sale. This order must stand until and unless it is modified by a direct attack by appeal or other appropriate procedure. It cannot be collaterally attacked. In re Guardianship of Delaney, 227 Iowa 1173, 290 N.W. 530; Shaw v. Addison, 236 Iowa 720, 18 N.W.2d 769; In re Estate of Hartstack, 250 Iowa 510, 94 N.W.2d 744; 50 C. J. S., Judgments, sections 656 and 657.

Plaintiff also argues by way of extrinsic fraud that the various attorneys representing her, and there were several during the time in question, failed to properly represent her and failed to present all facts to the court. We have examined the record carefully upon this point, even though it does not appear

to have been before the trial court, and find nothing therein to substantiate this claim. This property appears to have been practically abandoned from the time the trustee agreement was made, it was run down and depreciating in value everyday. It would seem that the best interest of the plaintiff called for a sale and determination of what, if any, equity she might still have in the property.

We find no error in the judgment of the trial court and the same should be and is affirmed.—Affirmed.

All JUSTICES concur except OLIVER, J., not sitting.